■ In the Matter of CHRISTOPHER L. SUFFOLK COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; BARBARA L., Appellant. [797 NYS2d 535]—

In a proceeding pursuant to Family Court Act article 10, the mother appeals, as limited by her brief, from stated portions of (1) a fact-finding order of the Family Court, Suffolk County (Freundlich, J.), entered May 5, 2004, which, after a hearing, inter alia, found that she severely abused her child, and (2) a dispositional order of the same court dated June 7, 2004, which, after a dispositional hearing, inter alia, placed the subject child in the custody of the Suffolk County Department of Social Services.

Ordered that the appeal from the fact-finding order is dismissed, without costs or disbursements, as that order was superseded by the dispositional order; and it is further,

Ordered that the order dated June 7, 2004, is affirmed insofar as appealed from, without costs or disbursements.

A child's out-of-court statements relating to an allegation of abuse may, if adequately corroborated by evidence tending to establish their reliability, support a finding of abuse (*see* Family Ct Act § 1046 [a] [vi]; *Matter of Christina F.,* 74 NY2d 532 [1989]; *Matter of Frank F.,* 12 AD3d 601 [2004]; *Matter of Jaclyn P.,* 179 AD2d 646, 647 [1992], *affd* 86 NY2d 875 [1995], *cert denied sub nom. Papa v Nassau County Dept. of Social Servs.,* 516 US 1093 [1996]; *cf. Matter of Danielle L.,* 307 AD2d 294 [2003]). The rule requiring corroboration is flexible, and any other evidence tending to support the reliability of the child's statements may be sufficient corroboration (*see Matter of Nicole V.,* 71 NY2d 112, 124 [1987]; *Matter of Alena D.,* 125 AD2d 753 [1986]). The Family Court, as the trier of fact, has considerable discretion in determining whether the child's statements are sufficiently corroborated and whether the record as a whole supports a finding of abuse (*see Matter of Christina F., supra* at 536; *Matter of Commissioner of Social Servs. [Tanya C.] v Evelyn R.,* 217 AD2d 697, 698 [1995]).

Here, the determination of severe abuse was established by the child's out-of-court statement, corroborated by the testimony of a resident of the house where the appellant resided with the child (*see Matter of Christina F., supra* at 536; *Matter of Nicole V., supra* at 118; *Matter of Brittany K.,* 308 AD2d 585 [2003]). In addition, the Family Court properly drew a negative inference from the appellant's failure to testify (*see Matter of Joseph C.,* 297 AD2d 673 [2002]; *Matter of Jenny N.,* 262 AD2d 951 [1999]).

Under the circumstances, the Family Court providently exercised its discretion in not compelling the child to testify (*see* Family Ct Act § 1011; *Matter of Jennifer G.,* 261 AD2d 823 [1999]; *Matter of Commissioner of Social Servs. [Woodley B.] v Joseph B.,* 207 AD2d 885 [1994] *but see Matter of Tamara G.,* 295 AD2d 194 [2002]).

Any evidence tending to support the appellant's position that the allegations of abuse were fabricated was relevant. However, under the circumstances of this case, the exclusion of certain evidence proffered by the appellant was harmless error (*see* Family Ct Act § 1046 [a] [vii]; *Matter of Rockland County Dept. of Social Servs. [Michael McM.] v Brian McM.,* 193 AD2d 121, 124 [1993]).

The appellant's remaining contentions are without merit. H. Miller, J.P., Santucci, Mastro and Skelos, JJ., concur.