■ In the Matter of Astrid C., a Child Alleged to be Abused and Neglected. Administration for Children's Services, Respondent; Angelica C. et al., Appellants. (Proceeding No. 1.) In the Matter of Amber C., a Child Alleged to be Abused and Neglected. Administration for Children's Services, Respondent; Angelica C. et al., Appellants. (Proceeding No. 2.) In the Matter of Tiffany C., a Child Alleged to be Abused and Neglected. Administration for Children's Services, Respondent; Angelica C. et al., Appellants. (Proceeding No. 3.) In the Matter of Jordan T.C., a Child Alleged to be Abused and Neglected. Administration for Children's Services, Respondent; Angelica C. et al., Appellants. (Proceeding No. 4.) [841 NYS2d 356]—

In four related child protective proceedings pursuant to Family Court Act article 10, the mother appeals (1), as limited by her brief, from so much of a fact-finding order of the Family Court, Kings County (Lim, J.), dated July 18, 2005, as, after a hearing, found that she sexually abused and neglected the child Amber C., and derivatively abused and neglected the child Tiffany C., and the mother and father separately appeal (2), as limited by their respective briefs, from stated portions of an order of disposition of the same court dated February 24, 2006, which, inter alia, after a dispositional hearing and upon the fact-finding order dated July 18, 2005, finding that they sexually abused and neglected the child Amber C., and derivatively abused and neglected the child Tiffany C., placed the children Amber C. and Tiffany C. in the custody of the Commissioner of Social Services of Kings County, (3) from a decision of the same court dated February 24, 2006, and (4), as limited by their respective briefs, from stated portions of an order of fact-finding and disposition of the same court also dated February 24, 2006, which found, in effect, that each of them derivatively neglected and abused the children Astrid C. and Jordan T.C., and, inter alia, placed these children in the custody of the Commissioner of Social Services of Kings County.

Ordered that the mother's appeal from the fact-finding order dated July 18, 2005 is dismissed, without costs or disbursements, as the fact-finding order was superseded by the order of disposition dated February 24, 2006; and it is further,

Ordered that the appeals from the decision dated February 24, 2006 are dismissed, without costs or disbursements, as no appeal lies from a decision (see Family Ct Act § 1112 [a]; Schicchi v J.A. Green Constr. Corp., 100 AD2d 509 [1984]); and it is further,

Ordered that the order of disposition dated February 24, 2006 is affirmed, without costs or disbursements; and it is further,

Ordered that the order of fact-finding and disposition dated February 24, 2006 is affirmed, without costs or disbursements.

The Family Court properly found that the appellants sexually abused Amber and derivatively abused Tiffany. Contrary to the appellants' contentions, Amber's out-of-court statements concerning the abuse were sufficiently corroborated. Pursuant to Family Court Act § 1046 (a) (vi), "previous statements made by the child relating to any allegations of abuse or neglect shall be admissible in evidence, but if uncorroborated, such statements shall not be sufficient to make a fact-finding of abuse or neglect. Any other evidence tending to support the reliability of

the previous statements, including, but not limited to the types of evidence defined in this subdivision shall be sufficient corroboration." "The rule requiring corroboration is flexible, and any other evidence tending to support the reliability of the child's statements may be sufficient corroboration . . . [and] [t]he Family Court, as the trier of fact, has considerable discretion in determining whether the child's statements are sufficiently corroborated and whether the record as a whole supports a finding of abuse" (*Matter of Christopher L.*, 19 AD3d 597, 597 [2005] [citations omitted]). Here, the Family Court did not err in admitting into evidence a report concerning similar allegations of sexual abuse made by another child of the appellants, to whom their parental rights had been previously terminated, and finding that Amber's allegations of abuse were corroborated by that evidence (*see* Family Ct Act § 1046 [a] [i], [iv]; *Matter of Beverly R.*, 38 AD3d 668 [2007], *lv denied* 9 NY3d 801 [2007]; *Matter of Kila DD.*, 28 AD3d 805 [2006]; *Matter of Joshua B.*, 28 AD3d 759 [2006]).

Contrary to the appellants' contentions, the petitioner established by a preponderance of the evidence that Amber was neglected and that Tiffany was derivatively neglected as a result of the father's acts of domestic violence against the mother. Moreover, the Family Court properly found, in effect, that the appellants derivatively abused and neglected the children Astrid and Jordan (*see Matter of Suffolk County Dept. of Social Servs. v James M.*, 83 NY2d 178 [1994]; *see also Matter of Amber C.*, 38 AD3d 538 [2007]; *Matter of Daniel W.*, 37 AD3d 842 [2007]; *Matter of Alexis C.*, 27 AD3d 646 [2006]).

The appellants' remaining contentions either are without merit, do not warrant reversal, or need not be reached in light of our determination. Miller, J.P., Goldstein, Fisher and Covello, JJ., concur.