■ In the Matter of DUSTIN B., and Others. OSWEGO COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; DONALD M. et al., Appellants. [896 NYS2d 552]—

Appeals from an order of the Family Court, Oswego County (David J. Roman, J.), entered October 24, 2008 in a proceeding pursuant to Family Court Act article 10. The order, inter alia, adjudged that respondents neglected the subject children.

It is hereby ordered that said appeals from the order insofar as it concerned disposition are unanimously dismissed and the order is otherwise affirmed without costs.

Memorandum: Contrary to the contention of respondent parents, we conclude that petitioner established by a preponderance of the evidence that they neglected the children who are the subject of this proceeding, two of whom are the biological children of respondent father and two of whom are the biological children of respondent mother (*see* Family Ct Act § 1046 [b] [i]; *Matter of Merrick T.*, 55 AD3d 1318 [2008]). The father failed to preserve for our review his contention that, in support of its finding of neglect, Family Court erred in relying on evidence of his use of alcohol that postdated the filing of the neglect petition. In any event, we note that the court's finding of neglect was also based on evidence that the father engaged in acts of domestic violence against the mother and at least one of the children. Indeed, this Court has stated that "a single incident of excessive corporal punishment is sufficient to support a finding of neglect" (*Matter of Steven L.*, 28 AD3d 1093 [2006], *lv denied* 7 NY3d 706 [2006]; *see Matter of Castilloux v New York State Off. of Children & Family Servs.*, 16 AD3d 1061, 1062 [2005]). The children's out-of-court statements describing the domestic violence were sufficiently corroborated by independent proof, including the testimony of the school nurse and

petitioner's caseworker (*see Matter of Breanna R.*, 61 AD3d 1338, 1340 [2009]; *Matter of Christopher P.*, 30 AD3d 307, 308 [2006], *lv denied* 7 NY3d 713 [2006]).

Respondents further contend that the court erred in removing the children from the home without conducting a full dispositional hearing. Respondents' appeals from the order insofar as it concerned disposition are moot, however, inasmuch as superseding permanency and custody orders with respect to all of the subject children have been entered (*see Matter of Francis S. [Wendy H.]*, 67 AD3d 1442 [2009]; *Matter of Giovanni K.*, 62 AD3d 1242, 1243 [2009], *lv denied* 12 NY3d 715 [2009]). Present—Smith, J.P., Peradotto, Lindley, Green and Gorski, JJ.