■ In the Matter of JUSTYCE M. and Another, Children Alleged to be Neglected. MONROE COUNTY DEPARTMENT OF HUMAN SERVICES, Appellant; SHAVON E., Respondent. [908 NYS2d 783]—

Appeal from an order of the Family Court, Monroe County (Joan S. Kohout, J.), entered August 3, 2009 in a proceeding pursuant to Family Court Act article 10. The order, insofar as appealed from, dismissed the petition.

It is hereby ordered that the order insofar as appealed from is unanimously reversed on the law and facts without costs, the petition is granted insofar as it alleges that Justyce M. is a neglected child as defined in Family Court Act § 1012 (f) (i) (B), and the matter is remitted to Family Court, Monroe County, for a dispositional hearing.

Memorandum: Petitioner appeals from an order in this neglect proceeding against respondent mother that dismissed the petition following a fact-finding hearing. Petitioner alleged

therein that, inter alia, the mother had neglected her two children by once using excessive corporal punishment against Justyce M. and by failing to provide adequate supervision for the children. On appeal, petitioner contends only that Family Court erred in dismissing the petition with respect to Justyce M. (hereafter, child), and we therefore do not address the court's dismissal of the petition with respect to the derivative neglect of the child's sibling.

" 'Notwithstanding the deference we must accord to the court's findings' " (*Matter of Breanna R.*, 61 AD3d 1338, 1340 [2009]), we conclude that petitioner met its burden of establishing by a preponderance of the evidence that the mother neglected the child (*see* Family Ct Act § 1046 [b] [i]). Although the court found that the mother struck the child on her buttocks, the court further found that the mother thereby "accidentally struck [the child] in the face." We find, however, that the evidence presented by petitioner at the hearing established otherwise. Petitioner presented evidence establishing that the mother admitted to a Rochester police officer that she had hit the six-year-old child in the face with a belt after the child failed to watch her younger brother. The child corroborated that admission by informing a caseworker for petitioner that the mother had hit her in the face with a belt, and the child further informed the caseworker that the mother had thrown a toy at her that struck her lips. The caseworker observed that the child's cheek had a small cut and was red, and that there was a cut just above her lips. When the caseworker made an unannounced visit to the mother's house later that same day, the mother informed the caseworker through a screen door that she "whooped" the child with belts because she had not picked up some clothes. In addition, the mother refused to refrain from "whooping" the child, and the mother implied in a statement to the caseworker that she had removed the child from school at noon after the child lost her car keys but that she did not physically hurt the child because she knew that the caseworker would be visiting the home. Based on that evidence, we conclude that the mother neglected the child by inflicting excessive corporal punishment (*see* Family Ct Act § 1012 [f] [i] [B]; *see generally Matter of Jazmyn R. [Luceita F.]*, 67 AD3d 495 [2009]; *Matter of Alysha M.*, 24 AD3d 255 [2005], *lv denied* 6 NY3d 709 [2006]). "Indeed, this Court has stated that 'a single incident of excessive corporal punishment is sufficient to support a finding of neglect' " (*Matter of Dustin B. [Donald M.]*, 71 AD3d 1426, 1426 [2010]). Present—Fahey, J.P., Carni, Lindley, Green and Gorski, JJ.