■ In the Matter of DALIA G. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; FRANK B., Appellant. (Proceeding No. 1.) In the Matter of DARIUS G. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; FRANK B., Appellant. (Proceeding No. 2.) In the Matter of INEISHA G. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; FRANK B., Appellant. (Proceeding No. 3.) In the Matter of FRANK B., JR. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; FRANK B., Appellant. (Proceeding No. 4.) [10 NYS3d 113]—

Appeal from an order of disposition of the Family Court, Queens County (Marybeth S. Richroath, J.), dated October 18, 2013. The order, insofar as appealed from, placed the subject children in the custody of the Commissioner of Social Services of the City of New York until the conclusion of the next permanency hearing, which was to commence on October 29, 2013. The appeal brings up for review an order of fact-finding of the same court dated July 11, 2011, which, after a hearing, found that the father neglected and derivatively neglected the subject children.

Ordered that the appeal from so much of the order of disposition as placed the subject children in the custody of the Commissioner of Social Services of the City of New York until the conclusion of the next permanency hearing, which was to commence on October 29, 2013, is dismissed as academic, without costs or disbursements; and it is further,

Ordered that the order of disposition is affirmed insofar as reviewed, without costs or disbursements, and upon review of the order of fact-finding on the appeal from the order of disposition, the provisions of the order of fact-finding which found that the father neglected the child Frank B., Jr., and derivatively neglected the children Darius G., Ineisha G., and Dalia G., by engaging in acts of domestic violence against the mother in Frank B., Jr.'s presence is vacated, and those branches of the petitions which alleged that the father neglected the child Frank B., Jr., and derivatively neglected the children Darius G., Ineisha G., and Dalia G., by engaging in acts of domestic violence against the mother in Frank B., Jr.'s presence are dismissed.

The father is legally responsible for the care of Darius G. and Ineisha G., and he is the biological parent of Frank B., Jr. (hereinafter Frank), and Dalia G. The petitioner, Administration for Children's Services (hereinafter ACS), filed a petition alleging that the father neglected Darius and Ineisha, and derivatively neglected Frank, by perpetrating acts of excessive corporal punishment upon Darius and Ineisha. ACS further alleged that the father neglected Frank, and derivatively neglected Darius and Ineisha, by perpetrating acts of domestic violence against the mother in Frank's presence. ACS subsequently filed another petition with respect to the afterborn child Dalia, alleging derivative neglect. The Family Court found that the subject children were neglected and derivatively neglected as alleged in the petitions, and placed the subject

children in the custody of the Commissioner of Social Services until the conclusion of the next permanency hearing, which was to commence on October 29, 2013.

The appeal from so much of the order of disposition as placed the subject children in the custody of the Commissioner of Social Services until the conclusion of the next permanency hearing, which was to commence on October 29, 2013, must be dismissed as academic, as the period of placement has already expired (*see Matter of Stephen Daniel A. [Sandra M.]*, 122 AD3d 834, 835 [2014]). However, the appeal from the portion of the order of disposition that brings up for review so much of the order of fact-finding dated July 11, 2011, as found that the father neglected and derivatively neglected the subject children is not academic, since an adjudication of neglect constitutes a permanent and significant stigma that might indirectly affect the father's status in future proceedings (*see Matter of Linda F. [Jose F.]*, 119 AD3d 944, 945 [2014]).

While parents have the right to use reasonable physical force against a child in order to maintain discipline or to promote the child's welfare, the use of excessive corporal punishment constitutes neglect (*see* Family Ct Act § 1012 [f] [i] [B]; *Matter of Matthew M. [Fatima M.]*, 109 AD3d 472 [2013]; *Matter of Delehia J. [Tameka J.]*, 93 AD3d 668 [2012]; *Matter of Padmine M. [Sandra M.]*, 84 AD3d 806 [2011]). A single incident of excessive corporal punishment may suffice to sustain a finding of neglect (*Matter of Joseph O'D. [Denise O'D.]*, 102 AD3d 874, 875 [2013]; *Matter of Yanni D. [Hope J.]*, 95 AD3d 1313, 1314 [2012]; *Matter of Padmine M. [Sandra M.]*, 84 AD3d at 807). Here, the petitioner established by a preponderance of the evidence that the father inflicted excessive corporal punishment on Darius and Ineisha, when he choked Darius and slammed him to the floor and choked Ineisha (*see Matter of Jallah J. [George J.]*, 118 AD3d 1000 [2014]; *Matter of Joseph O'D. [Denise O'D.]*, 102 AD3d at 875; *Matter of Yanni D. [Hope J.]*, 95 AD3d at 1314; *Matter of Padmine M. [Sandra M.]*, 84 AD3d at 807; *Matter of Sheneika V.*, 20 AD3d 541, 542 [2005]). Accordingly, the Family Court properly found that he neglected both Darius and Ineisha on that basis. The evidence also supported the derivative finding of neglect as to the children Frank and Dalia, based upon the father's use of excessive corporal punishment against Darius and Ineisha (*see Matter of Jamel T. [Gemayel T.]*, 120 AD3d 504 [2014]; *Matter of Jeremiah I.W. [Roger H.W.]*, 115 AD3d 967, 969 [2014]; *Matter of Jacob P. [Sasha R.]*, 107 AD3d 719, 720 [2013]; *Matter of Delehia J. [Tameka J.]*, 93 AD3d at 669; *Matter of Jamarra S. [Jessica S.]*, 85 AD3d 803, 804 [2011]).

However, the petitioner failed to establish by a preponderance of the evidence that Frank's physical, mental, or emotional conditions had been impaired or were in imminent danger of becoming impaired as a result of an incident of domestic violence between the father and the mother (*see generally* Family Ct Act § 1046; *Nicholson v Scoppetta*, 3 NY3d 357, 368 [2004]). "While domestic violence may be a permissible basis upon which to make a finding of neglect, '[n]ot every child exposed to domestic violence is at risk of impairment' " (*Matter of Chaim R. [Keturah Ponce R.]*, 94 AD3d 1127, 1130 [2012] [citation omitted], quoting *Nicholson v Scoppetta*, 3 NY3d at 375). Here, although there was testimony that the father engaged in an act of domestic violence against the mother while Frank, then three months old, was somewhere in the room, there is no evidence that the child saw, or was aware of, what happened, or that his emotional condition was impaired or placed in imminent danger of impairment by it (*see Matter of Harper F.-L. [Gary L.]*, 125 AD3d 652 *[2015]; Matter of Chaim R. [Keturah Ponce R.]*, 94 AD3d at 1130; *Matter of Todd D.*, 9 AD3d 462, 463 [2004]). Necessarily, then, the Family Court's further finding that the father derivatively neglected Darius, Ineisha, and Dalia on this basis was not supported by a preponderance of the evidence (*see Matter of Alexander J.S. [David S.]*, 72 AD3d 829 [2010]). We therefore vacate the provisions of the order of fact-finding which found that the father neglected Frank, and derivatively neglected Darius, Ineisha, and Dalia, by engaging in acts of domestic violence against the mother in Frank's presence, and dismiss those branches of the petition which alleged that the father neglected Frank, and derivatively neglected Darius, Ineisha, and Dalia, by engaging in acts of domestic violence against the mother in Frank's presence. Mastro, J.P., Skelos, Dickerson and LaSalle, JJ., concur.