■ In the Matter of Nah-Ki B. Administration for Children's Services, Appellant; Nakia B., Respondent. (Proceeding No. 1.) In the Matter of Tahjane C. Administration for Children's Services, Appellant; Nakia B., Respondent. (Proceeding

No. 2.) In the Matter of SHIKIYA B. ADMINISTRATION FOR CHILDREN'S SERVICES, Appellant; NAKIA B., Respondent. (Proceeding No. 3.) [38 NYS3d 593]—

Appeal by the petitioner from an order of fact-finding and disposition of the Family Court, Kings County (Ann O'Shea, J.), dated March 1, 2016. The order, after a fact-finding hearing, and upon a finding that the petitioner failed to establish that the father neglected the subject children, dismissed the petitions.

Ordered that the order is reversed, on the law and the facts, without costs or disbursements, the petitions are reinstated, a finding is made that the father neglected the subject children, and the matter is remitted to the Family Court, Kings County, for a dispositional hearing and a disposition thereafter.

The father is a person legally responsible for the care of Tahjane C., and the biological parent of Nah-Ki B. and Shikiya B. (hereinafter collectively the subject children). On July 1, 2015, the petitioner filed petitions pursuant to Family Court Act article 10 alleging that the father neglected Tahjane by inflicting excessive corporal punishment on her, and that he neglected all of the subject children by perpetrating acts of domestic violence against the nonrespondent mother in the presence of the subject children. A fact-finding hearing was held on February 24, 2016.

At the hearing, the mother testified that in June 2015, the father began an altercation with her wherein the father threw a cup with something in it at her and Shikiya. The mother further testified that, during the altercation, Tahjane tried to intervene to protect her, but the father pushed Tahjane out of the way, and that thereafter, the father punched the mother in the head, causing her to lose consciousness while all of the children were present. The mother testified that after she regained consciousness, Tahjane told her that the father had choked Tahjane, and that Nah-Ki also told her that the father hit the mother. The mother was thereafter taken to the hospital. The mother's medical records from the night of the incident were admitted as evidence at the hearing. The records indicate that on the day of the incident, the mother told the attending physician that she sustained her injuries from an altercation with the father during which the father had also hit Tahjane. The petitioner's progress notes, which were also admitted as evidence, described a conversation between Tahjane and a caseworker regarding the altercation with her

father. The notes indicate that Tahjane informed the petitioner's caseworker that, on the day of the incident, the father entered the family's home and shouted in Shikiya's face, scaring her, and proceeded to throw a cup of soda in the faces of Shikiya and the mother. The notes reflect that Tahjane told the caseworker that she tried to intervene by pushing the father, at which point the father pushed her up against a wall and choked her.

The father did not appear at the hearing or present any evidence.

At the close of the hearing, the petitioner asked the Family Court to find that the father neglected the subject children and to draw a negative inference from the father's failure to appear and testify. The attorney for the subject children likewise argued that the court should enter a finding of neglect.

After the fact-finding hearing, the Family Court found that the petitioner failed to establish that the father neglected the subject children, and dismissed the petitions. The petitioner appeals.

In order to establish neglect of a child, the petitioner must demonstrate, by a preponderance of the evidence, (1) that the child's physical, mental, or emotional condition has been impaired or is in imminent danger of becoming impaired, and (2) that the actual or threatened harm to the child is a consequence of the failure of the parent or caretaker to exercise a minimum degree of care in providing the child with proper supervision or guardianship (*see* Family Ct Act §§ 1012 [f] [i]; 1046 [b]; *Nicholson v Scoppetta*, 3 NY3d 357, 368 [2004]).

With respect to the allegation of neglect of Tahjane, while parents have a right to use reasonable physical force against a child in order to maintain discipline or to promote the child's welfare, the use of excessive corporal punishment constitutes neglect (*see* Family Ct Act § 1012 [f] [i] [B]; *Matter of Dalia G. [Frank B.]*, 128 AD3d 821, 823 [2015]; *Matter of Matthew M. [Fatima M.]*, 109 AD3d 472, 473 [2013]; *Matter of Delehia J. [Tameka J.]*, 93 AD3d 668, 669 [2012]). A single incident of excessive corporal punishment may suffice to sustain a finding of neglect (*Matter of Dalia G. [Frank B.]*, 128 AD3d at 823; *Matter of Joseph O'D. [Denise O'D.]*, 102 AD3d 874, 875 [2013]; *Matter of Yanni D. [Hope J.]*, 95 AD3d 1313, 1313 [2012]). Further, in a child protective proceeding, the child's prior out-of-court statements relating to the alleged neglect may serve as the basis for a finding of neglect "provided that these hearsay statements are corroborated, so as to ensure their reliability" (*Matter of Alexis S. [Edward S.]*, 115 AD3d 866, 866

[2014] [internal quotation marks omitted]; *see* Family Ct Act § 1046 [a] [vi]; *Matter of Nicole V.*, 71 NY2d 112, 118 [1987]). "The rule requiring corroboration is flexible, and any other evidence tending to support the reliability of the child's statements may be sufficient corroboration" (*Matter of Christopher L.*, 19 AD3d 597, 597 [2005]; *see Matter of Nicole V.*, 71 NY2d at 124; *Matter of Alena D.*, 125 AD2d 753, 754 [1986]). While the credibility findings of a hearing court are accorded deference (*see Matter of Irene O.*, 38 NY2d 776, 777 [1975]; *Matter of Chanyae S. [Rena W.]*, 82 AD3d 1247, 1247 [2011]), this Court is free to make its own credibility assessments and, where proper, make a finding of abuse or neglect based upon the record (*see Matter of Nyasia C. [Christine J.-L.]*, 137 AD3d 781, 782 [2016]; *Matter of Chanyae S. [Rena W.]*, 82 AD3d at 1247; *Matter of Samuel D.-C.*, 40 AD3d 853, 853 [2007]; *Matter of Peter R.*, 8 AD3d 576, 579 [2004]).

Contrary to the Family Court's determination, the mother's testimony and medical records provided sufficient corroboration to support the reliability of Tahjane's out-of-court statements that the father choked her and, together with the petitioner's progress notes, established the allegation, by a preponderance of the evidence, that the father inflicted excessive corporal punishment on Tahjane (*see Matter of Kyle D. [Dwayne D.]*, 138 AD3d 835, 835-836 [2016]; *Matter of Charlie S. [Rong S.]*, 82 AD3d 1248, 1249 [2011]; *Matter of Christopher L.*, 19 AD3d at 598). Further, the court should have drawn a negative inference from the father's failure to testify (*see generally Matter of Rosy S.*, 54 AD3d 377, 378 [2008]). Accordingly, the petitioner established, by a preponderance of the evidence, that the father neglected Tahjane by inflicting excessive corporal punishment on her.

The petitioner also established, by a preponderance of the evidence, that the father neglected all of the subject children by perpetrating acts of domestic violence against the mother in their presence. Although "exposing a child to domestic violence is not presumptively neglectful" (*Nicholson v Scoppetta*, 3 NY3d at 375), a finding of neglect based on an incident or incidents of domestic violence is proper where a preponderance of the evidence establishes that the child was actually or imminently harmed by reason of the parent or caretaker's failure to exercise a minimum degree of care (*see id.* at 372).

According to the mother, there was a history of domestic violence. With respect to the incident at issue, the evidence showed that the father choked Tahjane when she tried to intervene between the father and the mother after the father

had thrown a cup of soda at both Shikiya and the mother, and that thereafter, the father punched the mother in the head, causing her to lose consciousness. The evidence also established that all of the subject children were present during the incident. A preponderance of the evidence established that the father neglected the subject children by perpetrating acts of domestic violence against the mother in their presence (*see Matter of Mohammed J. [Mohammed Z.]*, 121 AD3d 994, 995 [2014]; *Matter of Celeste O. [Calvin A.]*, 119 AD3d 586, 587 [2014]; *Matter of Anthony S. [Dawn N.]*, 98 AD3d 519, 520 [2012]; *Matter of Kiara C. [David C.]*, 85 AD3d 1025, 1026 [2011]). Contrary to the Family Court's determination, this evidence was sufficient to establish that the father's acts of domestic violence against the mother in the subject children's presence impaired, or created an imminent danger of impairing, the subject children's physical, mental, or emotional condition (*see Matter of Celeste O. [Calvin A.]*, 119 AD3d at 587; *Matter of Amodea D. [Jason D.]*, 112 AD3d 1367, 1367-1368 [2013]; *Matter of Anthony S. [Dawn N.]*, 98 AD3d at 520).

Accordingly, the Family Court improperly dismissed the petitions, and the order appealed from must be reversed, the petitions reinstated, a finding of neglect entered, and the matter remitted to the Family Court, Kings County, for a dispositional hearing and a disposition thereafter. Dillon, J.P., Miller, Duffy and LaSalle, JJ., concur.