■ In the Matter of ERA O., Appellant. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; EMMANUEL O., Respondent. (Proceeding No. 1.) In the Matter of OSCIBEA O., Also Known as OSEIBEA O. ADMINISTRATION FOR CHILDREN'S SERVICES, Petitioner; EMMANUEL O., Respondent. (Proceeding No. 2.) In the Matter of JULIUS O. ADMINISTRATION FOR CHILDREN'S SERVICES, Petitioner; EMMANUEL O., Respondent. [43 NYS3d 475]—

Appeals by the child Era O. from (1) an order of fact-finding of the Family Court, Richmond County (Arnold Lim, J.), (2) an order of disposition of that court, and (3) an order of dismissal of that court, all dated May 5, 2015. The order of fact-finding, after a hearing, found that the father neglected the child Oscibea O., also known as Oseibea O., and derivatively neglected the children Julius O. and Era O. The order of disposition placed Julius O. and Era O. in the custody of the Commissioner of Social Services of the City of New York until the completion of the next permanency hearing. The order of dismissal dismissed the petition with respect to the child Oscibea O., also known as Oseibea O., as the child was over 18 years of age.

Ordered that the appeal from the order of dismissal is dismissed, without costs or disbursements, as the appellant, the child Era O., is not aggrieved by that order; and it is further,

Ordered that the appeal from the order of fact-finding is dismissed, without costs or disbursements, as that order was superseded by the order of disposition and is brought up for review on the appeal from the order of disposition; and it is further,

Ordered that the appeal from so much of the order of disposition as placed the children Julius O. and Era O. in the custody of the Commissioner of Social Services of the City of New York until the completion of the next permanency hearing, which was to commence November 5, 2015, is dismissed as academic, without costs or disbursements; and it is further,

Ordered that the appeal from so much of the order of disposition as brings up for review the finding that the father derivatively neglected the child Julius O. is dismissed, as the appellant, the child Era O., is not aggrieved by that portion of the order; and it is further,

Ordered that the order of disposition is affirmed insofar as reviewed, without costs or disbursements.

The appeal from so much of the order of disposition as placed the subject children in the custody of the Commissioner of Social Services of the City of New York until the conclusion of the next permanency hearing, which was to commence on November 5, 2015, must be dismissed as academic, as the period of placement has already expired (see Matter of Dalia G. [Frank B.], 128 AD3d 821, 822 [2015]; Matter of Stephen Daniel A. [Sandra M.], 122 AD3d 834, 835 [2014]). The appeal from

the order of fact-finding likewise must be dismissed, because the order of fact-finding was superseded by the order of disposition. The issues raised on the appeal from the order of fact-finding are brought up for review on the appeal from the order of disposition (*see Matter of Keishaun P. [Tyrone P.]*, 140 AD3d 1171, 1171-1172 [2016]).

In order to establish neglect of a child, the petitioner must demonstrate, by a preponderance of the evidence, (1) that the child's physical, mental, or emotional condition has been impaired or is in imminent danger of becoming impaired, and (2) that the actual or threatened harm to the child is a consequence of the failure of the parent or caretaker to exercise a minimum degree of care in providing the child with proper supervision or guardianship (*see* Family Ct Act §§ 1012 [f] [i]; 1046 [b]; *Nicholson v Scoppetta*, 3 NY3d 357, 368 [2004]). Although parents have a right to use reasonable physical force against a child in order to maintain discipline or to promote the child's welfare, the use of excessive corporal punishment constitutes neglect (*see* Family Ct Act § 1012 [f] [i] [B]; *Matter of Nah-Ki B. [Nakia B.]*, 143 AD3d 703 [2016]; *Matter of Dalia G. [Frank B.]*, 128 AD3d at 823; *Matter of Matthew M. [Fatima M.]*, 109 AD3d 472, 473 [2013]; *Matter of Delehia J. [Tameka J.]*, 93 AD3d 668, 669 [2012]). Moreover, a single incident of excessive corporal punishment may suffice to sustain a finding of neglect (*see Matter of Nah-Ki B. [Nakia B.]*, 143 AD3d 703 [2016]; *Matter of Dalia G. [Frank B.]*, 128 AD3d at 823; *Matter of Joseph O'D. [Denise O'D.]*, 102 AD3d 874, 875 [2013]; *Matter of Yanni D. [Hope J.]*, 95 AD3d 1313, 1313 [2012]). In proving neglect, the petitioner may introduce evidence of the child's prior out-of-court statement relating to the alleged neglect. That evidence may serve as a basis for a finding of neglect as long as the statement is corroborated to ensure its reliability (*see* Family Ct Act § 1046 [a] [vi]; *Matter of Nicole V.*, 71 NY2d 112, 118 [1987]; *Matter of Alexis S. [Edward S.]*, 115 AD3d 866, 866 [2014]). The corroboration requirement is flexible, "and any other evidence tending to support the reliability of the child's statements may be sufficient corroboration" (*Matter of Nah-Ki B. [Nakia B.]*, 143 AD3d at 706 [internal quotation marks omitted]; *see Matter of Nicholas J.R. [Jamie L.R.]*, 83 AD3d 1490, 1490-1491 [2011]; *see e.g. Matter of Nicole V.*, 71 NY2d at 124).

Here, a preponderance of the evidence supports the Family Court's finding that the father neglected the child Oscibea O., also known as Oseibea O. (hereinafter Oseibea) by inflicting excessive corporal punishment on her. Contrary to the appel-

lant's contention, Oseibea's out-of-court statements were sufficiently corroborated by the testimony of the caseworker employed by the Administration for Children's Services, as well as by the testimony of the child Julius O. (*see Matter of Hayden C. [Tafari C.]*, 130 AD3d 924, 925 [2015]; *Matter of Mateo S. [Robin Marie Y.]*, 118 AD3d 891, 892 [2014]). Additionally, the court properly considered evidence that the father regularly used marijuana in the home and was not participating in a rehabilitative program (*see Matter of Ishaq B. [Lea B.]*, 121 AD3d 889, 889-890 [2014]). Moreover, the court properly drew a negative inference from the father's voluntarily absenting himself from the hearing and not testifying (*see Matter of Ricky S. [Lyndell S.]*, 139 AD3d 959, 961 [2016]).

Finally, the evidence establishing that the father used excessive force to discipline the child Oseibea and had regularly used marijuana was sufficient to support the Family Court's determination that the father derivatively neglected Era O. (*see* Family Ct Act § 1046 [a] [i]; *Matter of Marchella P. [Loretta B.-B.]*, 137 AD3d 1286, 1289 [2016]; *Matter of Ishaq B. [Lea B.]*, 121 AD3d at 889-890). Eng, P.J., Balkin, Sgroi and Barros, JJ., concur.