■ In the Matter of JAIVON J. ADMINISTRATION FOR CHILDREN'S SERVICES, Appellant; PATRICIA D., Respondent. (Proceeding No. 1.) In the Matter of HODAVIAH D., JR. ADMINISTRATION FOR CHILDREN'S SERVICES, Appellant; PATRICIA D., Respondent. (Proceeding No. 2.) In the Matter of NAAMANYAH D. ADMINISTRATION FOR CHILDREN'S SERVICES, Appellant; PATRICIA D., Respondent. (Proceeding No. 3.) [48 NYS3d 769]—

Appeal by the petitioner from an order of the Family Court, Kings County (Alan Beckoff, J.), dated July 27, 2016. The order granted the mother's motion, made at the conclusion of the petitioner's case, to dismiss the petitions. By decision and order on motion dated August 22, 2016, this Court granted the petitioner's motion to stay enforcement of the order and to continue the remand of the subject children to its care and custody, pending hearing and determination of the appeal.

Ordered that the order is reversed, on the law and the facts, without costs or disbursements, the mother's motion is denied, the petitions are reinstated, and the matter is remitted to the Family Court, Kings County, for further proceedings in accordance herewith.

The petitioner commenced these proceedings pursuant to Family Court Act article 10, alleging, inter alia, that on November 25, 2015, the mother neglected the then-eight-year-old subject child Naamanyah (hereinafter the child) by inflicting excessive corporal punishment on her, and thereby derivatively neglected the other two subject children. A fact-finding hearing was held on July 15, 2016.

A "neglected child" means a child less than eighteen years of age "whose physical, mental or emotional condition has been impaired or is in imminent danger of becoming impaired as a result of the failure of [the] parent or other person legally responsible for [the child's] care to exercise a minimum degree of care . . . in providing the child with proper supervision or guardianship, by unreasonably inflicting or allowing to be inflicted harm, or a substantial risk thereof, including the infliction of excessive corporal punishment" (Family Ct Act § 1012 [f] [i] [B]). "Although parents have a right to use reasonable physical force against a child in order to maintain discipline or to promote the child's welfare, the use of excessive corporal punishment constitutes neglect" (*Matter of Z'naya D.J. [Vanessa J.]*, 141 AD3d 652, 654 [2016]; *see Matter of Era O. [Emmanuel O.]*, 145 AD3d 895 [2016]; *Matter of Nah-Ki B. [Nakia B.]*, 143 AD3d 703 [2016]). "Moreover, a single incident of excessive corporal punishment may suffice to sustain a finding of neglect" (*Matter of Era O. [Emmanuel O.]*, 145 AD3d at 897; *see Matter of Nah-Ki B. [Nakia B.]*, 143 AD3d at 705).

"Further, in a child protective proceeding, the child's prior out-of-court statements relating to the alleged neglect may serve as the basis for a finding of neglect provided that these hearsay statements are corroborated, so as to ensure their reliability" (*Matter of Nah-Ki B. [Nakia B.]*, 143 AD3d at 705-706 [internal quotation marks omitted]; *see* Family Ct Act § 1046

[a] [vi]). The rule requiring corroboration is flexible, and any other evidence tending to support the reliability of the child's statements may be sufficient corroboration (*see* Family Ct Act § 1046 [a] [vi]; *Matter of Nicole V.*, 71 NY2d 112 [1987]; *Matter of Era O. [Emmanuel O.]*, 145 AD3d 895 [2016]; *Matter of Nah-Ki B. [Nakia B.]*, 143 AD3d at 705-706).

Contrary to the Family Court's determination, viewing the evidence in the light most favorable to the petitioner and affording it the benefit of every favorable inference which could be reasonably drawn from the evidence, the petitioner presented a prima facie case of neglect. At the fact-finding hearing, the petitioner introduced a recording of two telephone calls to the 911 emergency number, and elicited testimony from a police officer and a caseworker that the mother admitted using a belt against the child. Such evidence was sufficient to corroborate the child's out-of-court statements to the caseworker that the mother beat her (*see* Family Ct Act §§ 1012 [f] [i] [B]; 1046 [a] [vi]; *Matter of Jayden R. [Jacqueline C.]*, 134 AD3d 638 [2015]; *Matter of Nurridin B. [Louis J.]*, 116 AD3d 770 [2014]; *Matter of Joshua J.P. [Deborah P.]*, 105 AD3d 552 [2013]; *Matter of Justyce M. [Shavon E.]*, 77 AD3d 1407 [2010]). Moreover, the absence of physical injury is not dispositive (*see Matter of Amparo B.T. [Carlos B.E.]*, 118 AD3d 809 [2014]; *Matter of Jonathan F.*, 294 AD2d 121 [2002]; *Matter of Danielle M.*, 151 AD2d 240 [1989]). In any event, the caseworker's testimony that the child had stated that her upper right arm hurt from having defended herself, was not undermined on cross examination. Finally, dismissal was not warranted on the ground that the child gave a conflicting statement to the police officer.

Accordingly, the Family Court erred in granting the mother's motion to dismiss the petitions. Since the court terminated the proceedings at the close of the petitioner's direct case upon an erroneous finding that a prima facie case had not been established, a new hearing, and a new determination of the petitions, is required (*see Matter of Marques B. [Eli B.]*, 133 AD3d 654 [2015]). Rivera, J.P., Hall, Roman and Brathwaite Nelson, JJ., concur.