■ In the Matter of HARMONY H. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; WELTON H., Appellant, et al., Respondent. [48 NYS3d 787]—

Appeals by the father from an order of fact-finding of the Family Court, Kings County (Robert D. Mulroy, J.), dated November 14, 2014, and an order of disposition of that court (Alan Beckoff, J.), dated February 9, 2016. The order of fact-finding, insofar as appealed from, after a hearing, found that the father neglected the subject child. The order of disposition placed the child in the custody of the Commissioner of Social Services of the City of New York until the completion of the next permanency hearing.

Ordered that the appeal from the order of fact-finding is dismissed, without costs or disbursements, as that order was superseded by the order of disposition and is brought up for review on the appeal from the order of disposition; and it is further,

Ordered that the appeal from so much of the order of disposition as placed the subject child in the custody of the Commissioner of Social Services of the City of New York until the next permanency hearing, which was to commence on July 27, 2016, is dismissed as academic, without costs or disbursements; and it is further,

Ordered that the order of disposition is affirmed insofar as reviewed, without costs or disbursements.

The appeal from the order of fact-finding must be dismissed because the order of fact-finding was superseded by the order

of disposition. The issues raised on the appeal from the order of fact-finding are brought up for review on the appeal from the order of disposition (*see Matter of Era O. [Emmanuel O.]*, 145 AD3d 895, 896-897 [2016]). Additionally, the appeal from so much of the order of disposition as placed the subject child in the custody of the Commissioner of Social Services of the City of New York until the conclusion of the next permanency hearing, which was to commence on July 27, 2016, must be dismissed as academic, as the period of placement has already expired (*see id.* at 896; *Matter of Dalia G. [Frank B.]*, 128 AD3d 821, 823 [2015]).

"[T]o establish neglect of a child, the petitioner must demonstrate, by a preponderance of the evidence, (1) that the child's physical, mental, or emotional condition has been impaired or is in imminent danger of becoming impaired, and (2) that the actual or threatened harm to the child is a consequence of the failure of the parent or caretaker to exercise a minimum degree of care in providing the child with proper supervision or guardianship" (*Matter of Era O. [Emmanuel O.]*, 145 AD3d at 897; *see* Family Ct Act §§ 1012 [f] [i]; 1046 [b]; *Nicholson v Scoppetta*, 3 NY3d 357, 368 [2004]). Here, the Family Court's finding that the father neglected the subject child is supported by a preponderance of the evidence (*see Matter of Divine F. [Eleha F.]*, 140 AD3d 756, 756-757 [2016]; *Matter of Tamara D. [Randolph P.]*, 120 AD3d 813, 813 [2014]). Leventhal, J.P., Cohen, LaSalle and Barros, JJ., concur.