In the Matter of JUBILEE S. ADMINISTRATION FOR CHILDREN'S SERVICES, Appellant; JAMES S., Respondent, et al., Respondent. (Proceeding No. 1.) In the Matter of JAMEE S. ADMINISTRATION FOR CHILDREN'S SERVICES, Appellant; JAMES S., Respondent, et al., Respondent. (Proceeding No. 2.) In the Matter of JAMES S. ADMINISTRATION FOR CHILDREN'S SERVICES, Appellant; JAMES S., Respondent, et al., Respondent. (Proceeding No. 3.) [52 NYS3d 439]—

Appeal by the petitioner from an order of the Family Court, Kings County (Ann E. O'Shea, J.), dated July 19, 2016. The order, after a fact-finding hearing, and upon a finding that the petitioner failed to establish that the father neglected the subject children, dismissed the neglect petitions insofar as asserted against the father.

Ordered that the order is reversed, on the law and the facts, without costs or disbursements, the petitions are reinstated insofar as asserted against the father, a finding is made that the father neglected the subject children, and the matter is remitted to the Family Court, Kings County, for a dispositional hearing and dispositions thereafter.

The petitioner commenced these child protective proceedings alleging that the father neglected the subject children by perpetrating acts of domestic violence against the mother in their presence. A fact-finding hearing was held. The father did not appear at the hearing or present any evidence. At the hearing, Jasmine Frye, a child protective specialist employed by the petitioner, testified that one of the subject children told Frye that "[the father] hits [the mother] all over her body and [the mother] cries. She tries to fight back and hit [the father] back. [The child] says that she is crying and her siblings . . . are scared. They usually run to the back bedroom and hide because they're fearful of the abuse." Among other evidence the petitioner submitted at the hearing was an order of fact-finding of the Family Court, Kings County (Amanda E. White, J.), dated October 21, 2011, finding that the father neglected the subject children by engaging in a continued course of physical and verbal abuse against the mother in the presence of the children.

After the hearing, the Family Court dismissed the petitions. The Family Court concluded, inter alia, that the child's out-of-court statement was not sufficiently corroborated pursuant to Family Court Act § 1046 (a) (vi), and that, in any event, there was insufficient evidence to establish that the children's physical, mental, or emotional condition had been impaired, or was in imminent danger of becoming impaired. The petitioner appeals.

"To establish neglect pursuant to section 1012 (f) (i) (B) of the Family Court Act, the petitioner must prove, by a preponderance of the evidence, that (1) the child's physical, mental, or emotional condition has been impaired, or is in imminent danger of becoming impaired, and (2) the actual or threatened harm to the child is due to the failure of the parent or caretaker

to exercise a minimum degree of care in providing the child with proper supervision or guardianship" (*Matter of Kiara C. [David C.]*, 85 AD3d 1025, 1025-1026 [2011]; *see Nicholson v Scoppetta*, 3 NY3d 357, 368 [2004]). "A minimum degree of care is the care that a reasonable and prudent parent would provide under the circumstances" (*Matter of Kiara C. [David C.]*, 85 AD3d at 1026). Although domestic violence may be a permissible basis upon which to make a finding of neglect, "[n]ot every child exposed to domestic violence is at risk of impairment" (*Nicholson v Scoppetta*, 3 NY3d at 375). "A finding of neglect is proper where a preponderance of the evidence establishes that the child's physical, mental, or emotional condition was impaired or was in danger of becoming impaired by the parent's commission of an act, or acts, of domestic violence in the child's presence" (*Matter of Kiara C. [David C.]*, 85 AD3d at 1026; *see Matter of Elijah J. [Phillip J.]*, 77 AD3d 835 [2010]). "While the credibility findings of a hearing court are accorded deference, we are free to make our own credibility assessments and, where proper, make a finding of neglect based upon the record before us" (*Matter of Chanyae S. [Rena W.]*, 82 AD3d 1247, 1247 [2011] [citations omitted]).

A preponderance of the evidence established that the father neglected the subject children by perpetrating acts of domestic violence against the mother in their presence (*see Matter of Nah-Ki B. [Nakia B.]*, 143 AD3d 703, 707 [2016]; *Matter of Mohammed J. [Mohammed Z.]*, 121 AD3d 994, 995 [2014]). Contrary to the Family Court's determination, the child's out-of-court statement was sufficiently corroborated. Family Court Act § 1046 (a) (vi) provides, in part, that "previous statements made by the child relating to any allegations of abuse or neglect shall be admissible in evidence, but if uncorroborated, such statements shall not be sufficient to make a fact-finding of abuse or neglect. Any other evidence tending to support the reliability of the previous statements, including, but not limited to the types of evidence defined in this subdivision shall be sufficient corroboration." Family Court Act § 1046 (a) (i) provides, in part, that "proof of the abuse or neglect of one child shall be admissible evidence on the issue of the abuse or neglect of any other child of . . . the respondent." The child's statement was corroborated by, among other evidence, proof of the father's prior neglect of the children by perpetrating acts of domestic violence against the mother in their presence (*see* Family Ct Act § 1046 [a] [i], [vi]; *Matter of Sha-Naya M.S.C. [Derrick C.]*, 130 AD3d 719, 721 [2015]; *Matter of Melody H. [Dwayne H.]*, 121 AD3d 686, 687 [2014]; *Matter of Leah R. [Miguel R.]*, 104 AD3d 774 [2013]; *Matter of Astrid C.*, 43 AD3d 819, 821 [2007]).

Additionally, contrary to the court's further determination, the evidence was sufficient to establish that the father's acts of domestic violence against the mother in the children's presence impaired, or created an imminent danger of impairing, the children's physical, mental, or emotional condition (*see Matter of Nah-Ki B. [Nakia B.]*, 143 AD3d at 707). Moreover, a negative inference is properly drawn from the father's failure to testify (*see id.* at 706).

Accordingly, the Family Court improperly dismissed the petitions, and the order appealed from must be reversed, the petitions reinstated, a finding of neglect entered, and the matter remitted to the Family Court, Kings County, for a dispositional hearing and dispositions thereafter. Dillon, J.P., Leventhal, Miller and Brathwaite Nelson, JJ., concur.