Matter of Samuel W. (Luemay F.) (2018 NY Slip Op 02478)





Matter of Samuel W. (Luemay F.)


2018 NY Slip Op 02478


Decided on April 11, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 11, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
CHERYL E. CHAMBERS
SHERI S. ROMAN
ANGELA G. IANNACCI, JJ.


2016-09260
 (Docket Nos. N-9330-14, N-9331-14)

[*1]In the Matter of Samuel W. (Anonymous). Administration for Children's Services, petitioner- respondent; Luemay F. (Anonymous), appellant, et al., respondents. (Proceeding No. 1)
In the Matter of Crystal G. (Anonymous). Administration for Children's Services, petitioner- respondent; Luemay F. (Anonymous), appellant, et al., respondents. (Proceeding No. 2)


Mark Brandys, New York, NY, for appellant.
Zachary W. Carter, Corporation Counsel, New York, NY (Fay Ng and Melanie T. West of counsel), for petitioner-respondent.
Karen P. Simmons, Brooklyn, NY (Barbara H. Dildine, Janet Neustaetter, and Lee Tarr of counsel), attorney for the children.



DECISION & ORDER
In related proceedings pursuant to Family Court Act article 10, the mother appeals from an order of fact-finding of the Family Court, Kings County (Lillian Wan, J.), dated August 1, 2016. The order of fact-finding, insofar as appealed from, upon a decision of the same court dated July 28, 2016, after a fact-finding hearing, found that the mother neglected the child Crystal G. and derivatively neglected the child Samuel W.
ORDERED that on the Court's own motion, the notice of appeal from the decision dated July 28, 2016, is deemed to be a premature notice of appeal from the order of fact-finding dated August 1, 2016 (see CPLR 5520[c]); and it is further,
ORDERED that the order of fact-finding dated August 1, 2016, is affirmed insofar as appealed from, without costs or disbursements.
The petitioner commenced this proceeding pursuant to Family Court Act article 10 alleging, inter alia, that the mother had neglected the child Crystal G. by inflicting excessive corporal punishment on her, and had derivatively neglected the child Samuel W. After a fact-finding hearing, the Family Court found that the mother had neglected Crystal G. and derivatively neglected Samuel W. The mother appeals.
At a fact-finding hearing in a neglect proceeding pursuant to Family Court Act article 10, the petitioner has the burden of proving neglect by a preponderance of the evidence (see Family Ct Act § 1046[b][i]; Matter of Tarelle J. [Walter J.], 152 AD3d 593, 594). "Although parents have a right to use reasonable physical force against a child in order to maintain discipline or to promote the child's welfare, the use of excessive corporal punishment constitutes neglect" (Matter of Cheryale B. [Michelle B.], 121 AD3d 976, 977; see Matter of Paul M. [Tina H.], 146 AD3d 961, 962).
In a child protective proceeding, prior out-of-court statements may be received and, if properly corroborated, will support a finding of abuse or neglect (see Matter of Nicole V., 71 NY2d 112, 118; Matter of Alexis S. [Edward S.], 115 AD3d 866, 866). Whether corroborative evidence tends to support the reliability of the out-of-court statements is a determination for the Family Court, which saw and heard the witnesses (see Matter of Era O. [Emmanuel O.], 145 AD3d 895, 898; Matter of Nah-Ki B. [Nakia B.], 143 AD3d 703, 706). "The rule requiring corroboration is flexible, and any other evidence tending to support the reliability of the child's statements may be sufficient corroboration" (Matter of Christopher L., 19 AD3d 597, 597; see Matter of Nicole V., 71 NY2d at 124).
Here, a preponderance of the evidence supports the Family Court's finding that the mother neglected Crystal G. by inflicting excessive corporal punishment on her (see Matter of Shaquan A. [Fan Fan A.], 137 AD3d 1119, 1120; Matter of Cheryale B. [Michelle B.], 121 AD3d at 977). Crystal G.'s out-of-court statements that the mother choked her were sufficiently corroborated by the observations of Crystal G.'s injuries by two caseworkers and two police officers, the child's medical records, and photographs of the injuries (see Matter of Nah-Ki B. [Nakia B.], 143 AD3d at 704; Matter of Jallah J. [George J.], 118 AD3d 1000, 1001). Although the mother disputed the allegations, the court's determination that the mother's version of events lacked credibility is entitled to deference and is supported by the record (see Matter of Sarah W. [Barbara G.F.], 122 AD3d 931, 932; Matter of Jahani K. [Felicia K.], 111 AD3d 832, 833). Further, the court did not err in rejecting Crystal G.'s in-court partial recantation of her prior out-of-court statements (see Matter of Dayannie I.M. [Roger I.M.], 138 AD3d 747, 748; Matter of Luis N.P. [Alquiber R.], 127 AD3d 1201, 1202; Matter of Charlie S. [Rong S.], 82 AD3d 1248, 1249; Matter of Tristan R., 63 AD3d 1075, 1077).
The evidence was also sufficient to support the Family Court's determination that the child Samuel W. was derivatively neglected (see Matter of Nurridin B. [Louis J.], 116 AD3d 770, 772; Matter of Matthew M. [Fatima M.], 109 AD3d 472, 472).
The mother's remaining contention is without merit.
RIVERA, J.P., CHAMBERS, ROMAN and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court