Matter of Jordan R. (Yon R.-W.) (2018 NY Slip Op 03982)





Matter of Jordan R. (Yon R.-W.)


2018 NY Slip Op 03982


Decided on June 6, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 6, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
MARK C. DILLON
FRANCESCA E. CONNOLLY
ANGELA G. IANNACCI, JJ.


2017-07355
2017-07364
 (Docket Nos. N-4613-16, N-4614-16)

[*1]In the Matter of Jordan R. (Anonymous). Orange County Department of Social Services, petitioner-respondent; Yon R.-W. (Anonymous), appellant, et al., respondent. (Proceeding No. 1)
In the Matter of Grant R. (Anonymous). Orange County Department of Social Services, petitioner-respondent; Yon R.-W. (Anonymous), appellant, et al., respondent. (Proceeding No. 2)


Kelli M. O'Brien, Goshen, NY, for appellant.
Langdon C. Chapman, County Attorney, Goshen, NY (Christine Foy-Stage of counsel), for petitioner-respondent.
Neal D. Futerfas, White Plains, NY, attorney for the children.



DECISION & ORDER
In related proceedings pursuant to Family Court Act article 10, the mother appeals from (1) an order of fact-finding of the Family Court, Orange County (Lori Currier Woods, J.), dated March 9, 2017, and (2) an order of disposition of the same court dated June 22, 2017. The order of fact-finding, after a fact-finding hearing, found that the mother neglected the subject children. The order of disposition, insofar as appealed from, upon the order of fact-finding and after a dispositional hearing, directed the mother to comply with a certain order of protection.
ORDERED that the appeal from the order of fact-finding is dismissed, without costs or disbursements, as that order was superseded by the order of disposition and is brought up for review on the appeal from the order of disposition; and it is further,
ORDERED that the order of disposition is affirmed insofar as appealed from, without costs or disbursements.
The Orange County Department of Social Services (hereinafter DSS) commenced these related child protective proceedings pursuant to Family Court Act article 10 alleging, inter alia, that the mother neglected the subject children by perpetrating acts of domestic violence against the father in the children's presence. At a fact-finding hearing, an investigator employed by DSS testified that the father told him that, in the presence of the children, the mother had threatened to [*2]kill him with a knife. According to the investigator, the children then separately disclosed to him that the mother had threatened to kill the father with a knife, that they had "on several occasions" witnessed the mother strike the father, and that they did not feel safe with their mother in the home. Further testimony established that on three different dates, police officers responded to the family's home after receiving domestic dispute reports, and the children were in the home at those times. The mother did not present any evidence at the fact-finding hearing. After the hearing, the Family Court found that the mother neglected the children. The mother appeals.
To establish neglect of a child, the petitioner must demonstrate, by a preponderance of the evidence (see Family Ct Act § 1046[b][i]), (1) that the child's physical, mental, or emotional condition has been impaired or is in imminent danger of becoming impaired, and (2) that actual or threatened harm to the child is a consequence of the failure of the parent or caretaker to exercise a minimum degree of care in providing the child with proper supervision or guardianship (see Family Ct Act § 1012[f][i][B]; Nicholson v Scoppetta, 3 NY3d 357, 368).
Here, a preponderance of the evidence supports the Family Court's finding that the mother neglected the children by committing acts of domestic violence against the father in the children's presence (see Family Ct Act § 1012[f][i][B]). Contrary to the mother's contention, the children's out-of-court statements were sufficiently corroborated (see Family Ct Act § 1046[a][vi]; Matter of Jubilee S. [James S.], 149 AD3d 965, 967).
The mother's remaining contentions are without merit.
MASTRO, J.P., DILLON, CONNOLLY and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court