Matter of Joshua T. (Kenisha T.) (2021 NY Slip Op 04229)





Matter of Joshua T. (Kenisha T.)


2021 NY Slip Op 04229


Decided on July 7, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 7, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
LEONARD B. AUSTIN
COLLEEN D. DUFFY
BETSY BARROS, JJ.


2019-10715
 (Docket No. N-2029-18)

[*1]In the Matter of Joshua T. (Anonymous). Administration for Children's Services, respondent; Kenisha T. (Anonymous), appellant.


Leighton M. Jackson, New York, NY, for appellant.
Georgia M. Pestana, Acting Corporation Counsel, New York, NY (Ingrid R. Gustafson and Deborah E. Wassel of counsel; Aaron Cole on the brief), for respondent.
Janet E. Sabel, New York, NY (Dawne A. Mitchell and Susan Clement of counsel), attorney for the child.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 10, the mother appeals from an order of fact-finding and disposition of the Family Court, Queens County (Joan L. Piccirillo, J.), dated August 26, 2019. The order of fact-finding and disposition, insofar as appealed from, after a fact-finding hearing, found that the mother neglected the subject child.
ORDERED that the order of fact-finding and disposition is affirmed insofar as appealed from, without costs or disbursements.
In January 2018, the Administration for Children's Services (hereinafter ACS) commenced this neglect proceeding pursuant to article 10 of the Family Court Act, alleging that the mother of a then 11-year-old child neglected the child by inflicting excessive corporal punishment on him. After a fact-finding hearing, the Family Court, by order of fact-finding and disposition dated August 26, 2019, found, inter alia, that the mother had neglected the child. The mother appeals.
Contrary to the mother's contention, the Family Court's finding that the child was neglected was supported by a preponderance of the evidence (see Matter of Era O. [Emmanuel O.], 145 AD3d 895, 897; Matter of Rachel H., 60 AD3d 1060, 1061). Even a single incident of excessive corporal punishment may suffice to sustain a finding of neglect (see Matter of Era O.[Emmanuel O.], 145 AD3d at 897; Matter of Joseph O'D. [Denise O'D.], 102 AD3d 874, 875). The child's out-of-court statements were sufficiently corroborated by the testimony of the police officer and the child's medical records (see Matter of Paul M. [Tina H.], 146 AD3d 961, 963; Matter of Era O. [Emmanuel O.], 145 AD3d at 898). In addition, the court providently exercised its discretion in drawing a negative inference against the mother upon her failure to testify at the hearing (see Matter of Dean J.K. [Joseph D.K.], 121 AD3d 896, 897; Matter of Joseph O'D. [Denise O'D.], 102 AD3d at 875).
The mother's contention that her due process rights were violated is unpreserved for [*2]appellate review (see e.g. Matter of Kishanda S. [Stephan S.], 190 AD3d 747, 749; Matter of Damani B. [Theresa M.], 174 AD3d 524, 526) and, in any event, without merit.
DILLON, J.P., AUSTIN, DUFFY and BARROS, JJ., concur.

2019-10715 DECISION & ORDER ON MOTION
In the Matter of Joshua T. (Anonymous).
Administration for Children's Services, respondent;
Kenisha T. (Anonymous), appellant.
(Docket No. N-2029-18)

By order to show cause dated September 24, 2019, the parties were directed to show cause before this Court why an order should not be made and entered dismissing the appeal in the above-entitled proceeding on the ground that no appeal lies from an order entered upon the default of the appealing party. By decision and order on motion of this Court dated October 31, 2019, the motion was held in abeyance and referred to the panel of Justices hearing the appeal for determination upon the argument or submission thereof.
Upon the order to show cause and the papers filed in response thereto, and upon the submission of the appeal, it is
ORDERED that the motion to dismiss the appeal is denied (see e.g. Matter of N. [Fania D.—Alice T.], 108 AD3d 551, 552-553; Matter of Starcy G., 13 AD3d 532, 532-533).
ENTER:
Aprilanne Agostino
Clerk of the Court