■ In the Matter of CHANTEL ZZ., a Child Alleged to be Neglected. MONTGOMERY COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; PAULINE A., Appellant. [717 NYS2d 802] —Lahtinen, J. Appeal from an order of the Family Court of

Montgomery County (Going, J.), entered January 18, 2000, which granted petitioner's application, in a proceeding pursuant to Family Court Act article 10, to adjudicate respondent's child to be neglected.

Respondent is the mother of Chantel ZZ. (born in 1985). Respondent resides with her husband and four-year-old son, Chantel's half-brother. Respondent and Chantel's difficult relationship has resulted in voluntary and involuntary counseling for them individually and as a family in recent years. They also have a history of Family Court intervention including a Family Court Act article 10 proceeding against respondent in Schenectady County, charging her with abandonment of Chantel which resulted in an adjournment in contemplation of dismissal and placement of Chantel in a foster home for a year, and a Family Court Act article 7 proceeding in Montgomery County initiated by respondent due to criminal activity by Chantel resulting in a person in need of supervision adjudication and probation for Chantel, who was then placed in a residential facility.

The instant Family Court Act article 10 neglect proceeding stemmed from respondent's refusal to permit Chantel to return home despite her expressed desire to do so or make other arrangements for her care upon the termination of the child's placement at the residential facility. Petitioner alleges that respondent's refusal to allow Chantel to return to her home or make other arrangements for her care amounts to a failure to exercise a minimum degree of care in supplying adequate shelter or providing proper supervision. At the conclusion of the fact-finding hearing, Family Court determined that respondent made no efforts whatsoever toward resolving her problems with Chantel, had done everything in her power to rid herself of this "problem child" and provided no positive reinforcement for the child which amounted to neglect of Chantel for which respondent was responsible. After a dispositional hearing, Family Court returned Chantel to respondent's home under petitioner's supervision and directed respondent to participate in counseling. Respondent appeals, arguing that petitioner failed to prove by a preponderance of the evidence that she had neglected Chantel and that petitioner failed to offer respondent an opportunity to voluntarily place Chantel pursuant to Social Services Law § 384-a.

Family Court Act § 1012 (f) (i), in pertinent part, defines a neglected child as one "whose physical, mental or emotional condition has been impaired or is in imminent danger of becoming impaired as a result of the failure of [the] parent * * * to

exercise a minimum degree of care * * * in supplying the child with adequate food, clothing [and] shelter * * * or * * * in providing the child with proper supervision or guardianship" (*see*, *Matter of Travis XX.*, 224 AD2d 787, 789). This statute requires a showing of both parental misconduct and harm or potential harm to a child (*see*, *Matter of Ronnie XX.*, 273 AD2d 491, 493; *Matter of Jennifer N.*, 173 AD2d 971, 972) by a preponderance of the credible evidence (*see*, Family Ct Act § 1046 [b] [i]; *Matter of Tammie Z.*, 66 NY2d 1, 3).

Petitioner established through the testimony of its child protective caseworker and documentary evidence from the family's prior counseling providers that respondent refused to allow Chantel to return to her household despite documented progress that the family had made to address the child's diagnosed oppositional defiant disorder through various forms of counseling. This was not contradicted by, but received support from, the testimony of respondent's witness. Respondent admits that she refused to allow Chantel to return home, but claims that Family Court did not find, nor did the proof demonstrate, any harm or potential harm to Chantel resulting from this refusal, requiring dismissal of the petition (*see*, *Matter of Jessica YY.*, 258 AD2d 743, 744; *Matter of Travis XX.*, *supra*, at 789; *Matter of Jennifer N.*, *supra*, at 972-973). We disagree.

Family Court found Chantel's oppositional defiant disorder surfaced about the time that respondent remarried and despite an escalation of her aggressive impulses, misbehavior and incorrigibility directed toward respondent, Chantel continued to be an honor student and exhibited no such behavioral problems at school, with her grandmother or anywhere other than with respondent and her immediate circle. Family Court further found that, although recommended by every therapist involved in the case, respondent provided no positive reinforcement for Chantel's laudatory accomplishments and repeatedly violated Chantel's trust. Additionally, respondent was found to have abdicated her parental responsibilities by making no effort to resolve her problems with Chantel, most importantly refusing to participate in recommended counseling and family therapy aimed at helping Chantel continue her documented progress in addressing and coping with her aggressive impulses and behavioral problems, preferring instead to direct her efforts for Chantel to finding a placement outside her home. From these findings, although not explicitly stated by Family Court, it is readily apparent that respondent's total rejection of Chantel at a time that she desperately needed proper parental

guidance and supervision placed this young teen's mental and/or emotional condition in imminent danger of impairment (see, Family Ct Act § 1012 [h]).

Similarly, we find respondent's claim that she should have been offered an opportunity to voluntarily place Chantel pursuant to Social Services Law § 384-a equally without merit. The record demonstrates that respondent was unwilling to exert the required effort to properly discharge her parental responsibilities, not that respondent was unable to care for Chantel (see, Matter of William S., 120 Misc 2d 790, 791).

Mindful that Family Court's determination is entitled to great weight and deference and should not be disturbed unless clearly unsupported by the record (see, Matter of Emily PP., 274 AD2d 681), we conclude that respondent's neglectful conduct, including her refusal to permit her then 13-year-old daughter to live in her household and her unwillingness to participate in various counseling programs to assist the child, amounted to neglect of her daughter by placing the mental or emotional condition of her daughter in imminent danger of becoming impaired (see, Matter of Jessica YY., supra, at 747).

Mercure, J. P., Spain, Carpinello and Mugglin, JJ., concur. Ordered that the order is affirmed, without costs.