■ In the Matter of JANICE G., a Child Alleged to be Neglected. CHEMUNG COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; LINDA H., Appellant, et al., Respondent. [894 NYS2d 238]—

Rose, J. Appeal from an order of the Family Court of Chemung County (Hayden, J.), entered October 16, 2008, which granted petitioner's application, in a proceeding pursuant to Family Ct Act article 10, to adjudicate respondents' child to be neglected by respondent Linda H.

In 2007, after respondent Linda H. (hereinafter the mother) relinquished care of her daughter (born in 1993) to a relative living two hours away, the child chose instead to reside with her

stepmother, ran away from that home twice, became the subject of a person in need of supervision petition and was placed with petitioner. In 2008, petitioner commenced this proceeding against, among another, the mother alleging that her failure to adequately plan for the care of her child constituted neglect. Following fact-finding and dispositional hearings, Family Court found the child to be neglected within the meaning of Family Ct Act § 1012, ordered continued placement with petitioner and imposed extensive conditions upon the mother in its dispositional plan. The mother now appeals.

The record amply reflects the mother's unequivocal and continuing desire to have no contact with, or responsibility for, her child. A caseworker testified that the mother failed to cooperate after the child was placed with petitioner, specifically refusing to visit with the child, learn about her problems in school or participate in the child's mental health counseling. Most revealing was the testimony that the mother had stated that she did not care what happened to the child, wanted the state to deal with the child and had no intent to fulfill her parental obligations. The evidence further showed that this conduct contributed to the child's depression, suicidal inclinations and admission to a residential treatment center. In light of Family Court's opportunity to assess the credibility of the witnesses, we conclude that there is a sound and substantial basis for its finding that the child was in imminent danger of impairment due to the mother's failure to exercise a minimum degree of care (see Matter of Rebecca KK., 51 AD3d 1086, 1087 [2008]; Matter of Krista LL., 46 AD3d 1209, 1210 [2007]; Matter of Heidi CC., 270 AD2d 528, 530 [2000]).

Finally, to the extent that Family Court failed to state the grounds for its disposition in the order of disposition itself (see Family Ct Act § 1052 [b] [i]), we find the defect to be technical and harmless (see Matter of Nichole L., 213 AD2d 750, 752-753 [1995], lv denied 86 NY2d 701 [1995]). "[T]he record is clear that Family Court considered the relevant statutory factors and made the appropriate findings which provide an adequate basis for intelligent appellate review" (Matter of Rachel G., 185 AD2d 382, 383 [1992]; see Matter of Stephani FF., 296 AD2d 606, 607 [2002]).

Cardona, P.J., Peters, Kavanagh and McCarthy, JJ., concur. Ordered that the order is affirmed, without costs.