■ In the Matter of JALIL McC., a Child Alleged to be Neglected. ADMINISTRATION FOR CHILDREN'S SERVICES, Appellant; DENISE C., Respondent. STEVEN BANKS, Nonparty Appellant. [924 NYS2d 420]—

In a child neglect proceeding pursuant to Family Court Act article 10, the attorney for the child and the petitioner, Administration for Children's Services, separately appeal from an order of the Family Court, Queens County (McGowan, J.), dated August 4, 2010, which, after a hearing, dismissed the petition.

Ordered that the order is reversed, on the law·and the facts, without costs or disbursements, the petition is reinstated, it is found that Denise C., the maternal grandmother of the subject

child, neglected the subject child, and the matter is remitted to the Family Court, Queens County, for a dispositional hearing.

A "[n]eglected child" is defined by the Family Court Act as one "whose physical, mental or emotional condition has been impaired or is in imminent danger of becoming impaired as a result of the failure of [the] parent or other person legally responsible for his care to exercise a minimum degree of care . . . in providing the child with proper supervision or guardianship" (Family Ct Act § 1012 [f] [i] [B]). Here, a preponderance of the evidence presented at the fact-finding hearing demonstrated that shortly after the maternal grandmother and legal guardian of the subject child had him taken to the psychiatric ward at Elmhurst Hospital, the grandmother was informed that the child was ready to be discharged back into her care. The grandmother, however, refused to take the child. The petitioner repeatedly attempted to arrange a meeting with the grandmother, but she refused to attend, indicating that she was unwilling to take him home, did not want to have anything to do with the child, and would accept the charges of neglect against her. Thus, by refusing to take the child back into her home or to cooperate with the petitioner in arranging for his appropriate care, the grandmother neglected him (*see Matter of Janice G. [Linda H.]*, 70 AD3d 1210, 1211 [2010]; *Matter of Chantel ZZ.*, 279 AD2d 669, 670-672 [2001]; *Matter of James R.*, 174 Misc 2d 133, 140 [1997]).

Accordingly, the petition must be reinstated, we find that the grandmother neglected the subject child, and the matter is remitted to the Family Court, Queens County, for a dispositional hearing. Covello, J.P., Eng, Chambers and Miller, JJ., concur.