In the Matter of NYIA L., an Infant. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; EGIPCIA E.C., Appellant. [931 NYS2d 257]—

The appeal from so much of the order of disposition as placed

the child in the custody of the Commissioner of Social Services until the completion of the next permanency hearing must be dismissed as academic, as the period of placement has already expired (*see Matter of Ifeiye O.*, 53 AD3d 501 [2008]). However, the adjudication of neglect constitutes a permanent and significant stigma which might indirectly affect the appellant's status in future proceedings. Therefore, the appeal from the portion of the order of disposition which brings up for review the finding of neglect is not academic (*id.*).

A "[n]eglected child" is defined as one "whose physical, mental or emotional condition has been impaired or is in imminent danger of becoming impaired as a result of the failure of [the] parent or other person legally responsible for his care to exercise a minimum degree of care . . . in providing the child with proper supervision or guardianship" (Family Ct Act § 1012 [f] [i] [B]). Here, a preponderance of the evidence presented at the fact-finding hearing demonstrated that the mother of the subject child had taken her to Woodhull Hospital for a mental health evaluation, but that when the child was discharged from the hospital, the mother refused to take her home. The petitioner offered services to the mother, including respite care, but she refused the services and also refused to visit or contact the child. The mother indicated that she was unwilling to take the child home and did not want to have anything to do with the child, and that adopting the child was the "biggest mistake" she ever made. Thus, by refusing to take the child back into her home, and by indicating her desire to have no contact with, or responsibility for, the child, the mother neglected her (*see Matter of Jalil McC. [Denise C.]*, 84 AD3d 1089, 1090 [2011]; *Matter of Janice G. [Linda H.]*, 70 AD3d 1210, 1211 [2010]; *Matter of Chantel ZZ.*, 279 AD2d 669, 670-672 [2001]; *Matter of Heidi CC.*, 270 AD2d 528, 530-531 [2000]). Accordingly, the Family Court properly found that the mother neglected the child. Skelos, J.P., Eng, Austin and Miller, JJ., concur.