Lahtinen, J.
We reverse as to Clayton. Neglect is established when the preponderance of the evidence shows “that the child’s physical, mental or emotional condition has been impaired or is in imminent danger of becoming impaired as a result of the failure of his [or her] parent ... to exercise a minimum degree of care ... in providing the child with proper supervision or guardianship” (Matter of Tomasa Z. [Julie Z.], 11 AD3d 1102, 1102 [2010] [internal quotation marks and citation omitted]; see Matter of Afton C. [James C.], 17 NY3d 1, 9 [2011]). Determining whether a parent exercised the requisite minimum degree of care “is evaluated by asking whether, under the circumstances, £a reasonable and prudent parent [would] have so acted’ ” (Matter of Lamarcus E. [Jonathan E.], 94 AD3d 1255, 1256 [2012], quoting Nicholson v Scoppetta, 3 NY3d 357, 370 [2004]).
*1412 Respondent testified that, after a series of disciplinary problems with Clayton, she directed him to go live with somebody else. He went to live with a half brother and then resided in deplorable conditions in a motel with his seriously ill father. Respondent refused efforts by petitioner to return Clayton to her home and he ended up in foster care. At that time, she was capable of providing a place for Clayton to live and had displayed adequate parenting skills with respect to Ariel. As to Clayton, however, respondent acknowledged telling petitioner that he could not stay with her and he was better off in foster care. Rather than work with petitioner on a plan for Clayton, respondent offered to voluntarily surrender her parental rights.
The record reveals that respondent is not willing to make any reasonable effort to work with petitioner regarding Clayton. Instead, when he was in imminent danger due to unavailable housing, she abdicated any responsibility and intended to rely entirely on foster care. When pressed to make plans or exert parental efforts for the child, she opted to offer to surrender her parental rights. Under such circumstances, respondent did not act as a reasonable and prudent parent, and the record establishes that Clayton was a neglected child (see Matter of Lamarcus E. [Jonathan E.], 94 AD3d at 1256-1257; Matter of Nyia L. [Egipcia E.C.], 88 AD3d 882, 883 [2011]; Matter of Chantel ZZ., 279 AD2d 669, 671-672 [2001]). The fact that the child had disciplinary problems and respondent had initially sought assistance does not foreclose a finding of neglect where the parent thereafter refuses to act reasonably or to cooperate in efforts at addressing the child’s problems.
We agree with Family Court, however, that this record did not establish derivative neglect of Ariel (see generally Matter of Benjamin VV. [Larry VV.], 92 AD3d 1107, 1109 [2012]). We note that, in any event, the attorney for Ariel states in her brief that Ariel is now living with another family as a result of a placement made in a subsequent Family Ct Act article 10 proceeding involving direct — rather than derivative — neglect.
Rose, J.P., Spain, Kavanagh and McCarthy, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as dismissed the petition as to Clayton OO.; petition granted as to said child and matter remitted to the Family Court of Saratoga County for a dispositional hearing; and, as so modified, affirmed.