■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ARTHUR RICHARDSON, Appellant. [979 NYS2d 815]—Judgment, Supreme Court, Bronx County (Seth L. Marvin, J., at suppression hearing; Michael A. Gross, J., at plea and sentencing), rendered September 7, 2007, convicting defendant of criminal possession of a weapon in the third degree, and sentencing him, as a second felony offender, to a term of two years, unanimously affirmed.

Regardless of whether defendant made a valid waiver of his right to appeal, we conclude that the hearing court properly denied defendant's suppression motion. There is no basis for disturbing the court's credibility determinations. Concur—Acosta, J.P., Andrias, Saxe, Freedman and Feinman, JJ.

■ In the Matter of SHAWNTAY S., a Child Alleged to be Neglected. STEPHANIE R., Appellant; ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent. [979 NYS2d 815]—

Order of fact-finding and disposition, Family Court, Bronx County (Sarah P. Cooper, J.), entered on or about March 8, 2013, which, to the extent appealed from as limited by the briefs, determined, after a hearing, that respondent mother neglected the subject child, unanimously affirmed, without costs.

The determination that respondent neglected the child is supported by a preponderance of the evidence, which shows that respondent refused to take the child home upon his discharge from the hospital, where he had received psychiatric treatment, and, that despite petitioner's caseworkers' and a hospital social worker's attempts to discuss the child's future psychiatric needs with her, respondent requested that he be placed in foster care and refused to make alternative plans for him (*see Matter of Nyia L. [Egipcia E.C.]*, 88 AD3d 882, 883 [2d Dept 2011]; *Matter of Jalil McC. [Denise C.]*, 84 AD3d 1089 [2d Dept 2011]; *see also Matter of Clayton OO. [Nikki PP.]*, 101 AD3d 1411 [3d Dept 2012]). Contrary to respondent's contention, her refusal to allow her son back into her home and her failure otherwise to plan for his care manifested an intention to abdicate her parental responsibilities, which placed the child at imminent risk of impairment (*see Matter of Lamarcus E. [Jonathan E.]*, 94 AD3d 1255, 1257 [3d Dept 2012]). Concur—Acosta, J.P., Andrias, Saxe, Freedman and Feinman, JJ.