In a child protective proceeding pursuant to Family Court Act article 10, the mother appeals, as limited by her brief, from so much of an order of fact-finding and disposition of the Family Court, Suffolk County (Cheng, J.), dated June 25, 2013, as upon a decision of the same court dated June 11, 2013, made after a fact-finding hearing, found that she neglected the subject child.
Ordered that the order of fact-finding and disposition is affirmed insofar as appealed from, without costs or disbursements.
The Family Court’s determinations regarding the credibility of the witnesses is entitled to considerable deference unless clearly unsupported by the record (see Matter of Denis F., Jr. [Denis F., Sr.], 112 AD3d 626 [2013]; Matter of Andrew B. [Deborah B.], 73 AD3d 1036 [2010]). The Family Court’s determination that the mother neglected the subject child is supported by a preponderance of the evidence. The evidence demonstrated that the mother refused to pick up the child after the child was discharged from the hospital, where the child received psychiatric treatment, and after the child was discharged from subsequent respite placement with Long Island Adolescent and Family Services. The mother also did not cooperate in arranging for the appropriate care of the child (see Matter of Shawntay S. [Stephanie R.], 114 AD3d 502 [2014]; Matter of Nyia L. [Egipcia E.C.], 88 AD3d 882 [2011]; Matter of Jalil McC. [Denise C.], 84 AD3d 1089 [2011]).
The mother’s argument that the Family Court erred in making the neglect finding because she was not offered an opportunity to voluntarily place the child with a social services agency upon the child’s discharge from the hospital and respite *1011 care is without merit (see Matter of Amondie T. [Karen S.], 107 AD3d 498 [2013]; Matter of Lamarcus E. [Jonathan E.], 94 AD3d 1255 [2012]).
Balkin, J.E, Chambers, Cohen and Duffy, JJ., concur.