■ In the Matter of MARQUES B. ORANGE COUNTY DEPART-MENT OF SOCIAL SERVICES, Appellant; ELI B., Respondent, et al., Respondents. [19 NYS3d 558]—

Appeal from an order of the Family Court, Orange County (Christine P. Krahulik, J.), dated January 30, 2015. The order, insofar as appealed from, granted the father's motion, made at the conclusion of the petitioner's case, to dismiss the petition insofar as asserted against him.

Ordered that the order is reversed insofar as appealed from, on the law, without costs or disbursements, the father's motion is denied, the petition is reinstated insofar as asserted against the father, and the matter is remitted to the Family Court, Orange County, for further proceedings in accordance herewith.

The Orange County Department of Social Services (hereinafter the DSS) commenced this proceeding pursuant to article 10 of the Family Court Act, alleging, inter alia, that, after the subject child was removed from his grandparents' home and placed in a youth shelter, the child's father failed to cooperate with the DSS to plan for the child's care, and failed to discuss the child's needs with the DSS or the youth shelter. After the DSS presented its evidence at a fact-finding hearing, the father moved to dismiss the petition insofar as asserted against him, arguing that the DSS failed to present a prima facie case of neglect. The Family Court granted the motion, and the DSS appeals.

A "neglected child" is defined by the Family Court Act as one "whose physical, mental or emotional condition has been impaired or is in imminent danger of becoming impaired as a result of the failure of [the] parent or other person legally responsible for his care to exercise a minimum degree of care . . . in providing the child with proper supervision or guardianship" (Family Ct Act § 1012 [f] [i] [B]). Contrary to the Family Court's determination, viewing the evidence in the light most favorable to the DSS and affording it the benefit of every favorable inference which could be reasonably drawn from the evidence, the DSS presented a prima facie case of neglect as to the father (see Family Ct Act § 1012 [f]; Matter of Giovanni S. [Jasmin A.], 98 AD3d 1054, 1056 [2012]). A DSS caseworker testified at the fact-finding hearing that, after the subject child was removed from his grandparents' home and placed in a youth shelter, she contacted the father to help him develop a long-term plan for the child. The father told the caseworker, among other things, that he was unwilling to take the child

home and that the child should remain in the shelter, so that the child would learn a lesson about being a liar and causing trouble. The caseworker testified that the father thereafter failed to meaningfully communicate with the DSS or plan for the care of the child (*see e.g. Matter of Shawntay S. [Stephanie R.]*, 114 AD3d 502 [2014]). On this record, the DSS established a prima facie case of neglect as to the father (*see Matter of Giovanni S. [Jasmin A.]*, 98 AD3d at 1056; *Matter of Christian Q.*, 32 AD3d 669, 669-670 [2006]; *cf. Matter of Ariel R. [Danielle K.]*, 118 AD3d 1010 [2014]; *Matter of Nyia L. [Egipcia E.C.]*, 88 AD3d 882 [2011]; *Matter of Jalil McC. [Denise C.]*, 84 AD3d 1089, 1090 [2011]).

Accordingly, the Family Court erred in granting the father's motion to dismiss the petition insofar as asserted against him. Since the court terminated the proceeding at the close of the petitioner's direct case upon an erroneous finding that a prima facie case had not been established, a new hearing, and a new determination of the petition insofar as asserted against the father, is required (*see Matter of Shawniece E.*, 110 AD2d 900 [1985]). Mastro, J.P., Austin, Maltese and Barros, JJ., concur.