# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**204**
**CAF 14-01946**
PRESENT: SMITH, J.P., PERADOTTO, NEMOYER, CURRAN, AND SCUDDER, JJ.

---

IN THE MATTER OF ASHLEY B. AND KAMAU B.
------------------------------------------------
ERIE COUNTY DEPARTMENT OF SOCIAL SERVICES,
PETITIONER-RESPONDENT;

LAVERN B., RESPONDENT-APPELLANT.
------------------------------------------------
IN THE MATTER OF MICHAEL F.
------------------------------------------------
ERIE COUNTY DEPARTMENT OF SOCIAL SERVICES,
PETITIONER-RESPONDENT;

LAVERN B., RESPONDENT-APPELLANT.
------------------------------------------------
IN THE MATTER OF CAMERON N.
------------------------------------------------
ERIE COUNTY DEPARTMENT OF SOCIAL SERVICES,
PETITIONER-RESPONDENT;

LAVERN B., RESPONDENT-APPELLANT.
------------------------------------------------
IN THE MATTER OF WILLIE B.,
PETITIONER-RESPONDENT,

                    V

LAVERN B., RESPONDENT-APPELLANT,
AND ERIE COUNTY DEPARTMENT OF SOCIAL
SERVICES, RESPONDENT-RESPONDENT.

MEMORANDUM AND ORDER

---

ALAN BIRNHOLZ, LAKE WORTH, FLORIDA, FOR RESPONDENT-APPELLANT.

JOSEPH T. JARZEMBEK, BUFFALO, FOR PETITIONER-RESPONDENT ERIE COUNTY
DEPARTMENT OF SOCIAL SERVICES AND RESPONDENT-RESPONDENT.

DAVID C. SCHOPP, ATTORNEY FOR THE CHILD, THE LEGAL AID BUREAU OF
BUFFALO, INC., BUFFALO (CHARLES D. HALVORSEN OF COUNSEL).

SHEILA SULLIVAN DICKINSON, ATTORNEY FOR THE CHILDREN, BUFFALO.

BERNADETTE HOPPE, ATTORNEY FOR THE CHILD, BUFFALO.

---

        Appeal from an order of the Family Court, Erie County (Sharon M.
LoVallo, J.), entered October 2, 2014 in proceedings pursuant to

Family Court Act articles 6 and 10.  The order, inter alia, determined that respondent Lavern B. neglected Ashley B. and Kamau B. and derivatively neglected Michael F. and Cameron N.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum:  In these proceedings pursuant to Family Court Act articles 6 and 10, respondent mother appeals from an order finding that she neglected her two older children and derivatively neglected the other two children.  We reject the mother's contention that Family Court's findings of neglect and derivative neglect are not supported by a preponderance of the evidence (see § 1046 [b] [i]).  It is well settled that section 1012 (f) (i), which defines neglect, "imposes two requirements for a finding of neglect . . . First, there must be proof of actual (or imminent danger of) physical, emotional or mental impairment to the child . . . Second, any impairment, actual or imminent, must be a consequence of the parent's failure to exercise a minimum degree of parental care" (*Matter of Afton C. [James C.]*, 17 NY3d 1, 9 [internal quotation marks omitted]).  Here, a preponderance of the evidence supports the court's finding that, among other things, the mother forced the two older children to leave the house for days at a time without planning for their care, which repeatedly resulted in their living in shelters or on the streets with no supervision, thereby placing them in imminent risk of harm (*see Matter of Debraun M.*, 34 AD3d 587, 587, *lv dismissed* 8 NY3d 955; *see also Matter of Chantel ZZ.*, 279 AD2d 669, 671).  Although the mother testified that she did not force the older children to leave the home for extended periods, "[w]here, as here, issues of credibility are presented, the hearing court's findings must be accorded great deference" (*Matter of Todd D.*, 9 AD3d 462, 463; *see Matter of Holly B. [Scott B.]*, 117 AD3d 1592, 1592), and we find no reason to reject the court's credibility determinations.

Furthermore, that evidence "supports the finding of derivative neglect with respect to [the two younger children inasmuch as] the impaired level of parental judgment . . . shown by [the mother's] behavior created a substantial risk" of imminent danger to the younger children as well (*Matter of Peter C.*, 278 AD2d 911, 911 [internal quotation marks omitted]; *see Matter of Kennedie M. [Douglas M.]*, 89 AD3d 1544, 1545, *lv denied* 18 NY3d 808; *Matter of Devre S. [Carlee C.]*, 74 AD3d 1848, 1849).  The mother's actions " 'demonstrated a fundamental defect in [her] understanding of the duties and obligations of parenthood and created an atmosphere detrimental to the physical, mental and emotional well-being of' " the younger children (*Matter of Cory S. [Terry W.]*, 70 AD3d 1321, 1322).

Entered:  March 25, 2016                    Frances E. Cafarell
                                            Clerk of the Court