In the Matter of JOELLE T., a Child Alleged to be Neglected. LACONIA W., Appellant; ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent. [34 NYS3d 15]—

Order of disposition, Family Court, Bronx County (Joan L. Piccirillo, J.), entered on or about January 6, 2015, to the extent it brings up for review a fact-finding order, same court and Judge, entered on or about March 13, 2014, which found that respondent mother had neglected the subject child, unanimously affirmed, without costs. Appeal from fact-finding order, unanimously dismissed, without costs, as subsumed in the appeal from the order of disposition.

A preponderance of the evidence supports Family Court's finding that respondent neglected the child by leaving her on July 1, 2013 at petitioner agency with only the clothing she wore, and without making provisions for her medication, psychiatric care, food, clothing, or shelter (see *Matter of Jalil*

*McC. [Denise C.]*, 84 AD3d 1089, 1090 [2d Dept 2011]; *Matter of Nyia L. [Egipcia E.C.]*, 88 AD3d 882, 883 [2d Dept 2011]). Respondent's actions and statements to a caseworker that she was unwilling to take care of the child reflected her clear intention to abdicate her parental obligations, which placed the child at imminent risk of impairment (*see Matter of Shawntay S. [Stephanie R.]*, 114 AD3d 502 [1st Dept 2014]). The child's disciplinary issues do not foreclose a finding of neglect, since the evidence shows that respondent refused to cooperate with the agency's efforts to address the child's problems (*see Matter of Clayton OO. [Nikki PP.]*, 101 AD3d 1411, 1412 [3d Dept 2012]).

A preponderance of the evidence also supports Family Court's finding that respondent neglected the child by failing to provide her with her prescribed medications. The caseworker's unrefuted testimony establishes that between June 11, 2013 and July 1, 2013, the child did not receive her prescribed medication. Respondent's failure to provide the prescribed medication placed the child at imminent risk of impairment (*see Matter of John H.M.*, 54 AD3d 763, 764 [2d Dept 2008], *lv denied* 11 NY3d 714 [2009]).

Family Court was entitled to draw the strongest inference against respondent that the opposing evidence permitted, given her failure to testify at the fact-finding hearing (*see Matter of Rosemary V. [Jorge V.]*, 103 AD3d 484 [1st Dept 2013]).

We have considered respondent's remaining contentions and find them unavailing. Concur—Tom, J.P., Mazzarelli, Manzanet-Daniels, Kapnick and Kahn, JJ.