■ In the Matter of KIMBERLY F., a Child Alleged to be Neglected. MARIA F., Appellant; ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent. [45 NYS3d 75]—

Order of fact-finding and disposition (one paper), Family Court, New York County (Stewart H. Weinstein, J.), entered on or about October 27, 2014, to the extent it found that respondent Maria F. neglected the subject child, unanimously af-

firmed, without costs. Appeal from so much of said order as limited Maria F.'s visitation with the child to only upon the child's request, unanimously dismissed, without costs, as academic.

The Family Court's finding of neglect against respondent is supported by a preponderance of the evidence (Family Ct Act §§ 1012 [f] [i] [B]; 1046 [b] [i]). After respondent was notified about a January 9, 2013 incident, she stated that the child was lying about being raped and refused to take her back into her home or discuss services with petitioner (*see Matter of Stephanie M. [Miguel R.]*, 122 AD3d 508, 509 [1st Dept 2014], *lv denied* 24 NY3d 916 [2015]). The fact that respondent would have considered voluntary placement if she had been made aware of it at the time is of no moment, because voluntary placement is appropriate only when the parent is unable to care for his or her child, and not when he or she is unwilling to do so (*see Matter of Amondie T. [Karen S.]*, 107 AD3d 498, 499 [1st Dept 2013]).

Contrary to respondent's contention, by failing to offer a plan for the child other than foster care, she placed the child in imminent risk of harm and/or impairment, because her statements and actions reflected her clear intention to abdicate her parental obligations, including her responsibility to adequately plan for the child's needs (*see Matter of Shawntay S. [Stephanie R.]*, 114 AD3d 502 [1st Dept 2014]). Respondent's claims that her health problems and/or concerns prevented her from caring from the child were properly rejected by the court because they were undocumented. The fact that the child may have had disciplinary issues and petitioner may have previously failed to respond to a request for assistance with the child does not explain her failure to cooperate with petitioner's efforts to return the child home (*see Matter of Clayton OO. [Nikki PP.]*, 101 AD3d 1411, 1412 [3d Dept 2012]; *Matter of Jalil McC. [Denise C.]*, 84 AD3d 1089, 1090 [2d Dept 2011]).

Respondent's challenge to the visitation portion of the dispositional order has been rendered academic in light of the fact that she has surrendered her parental rights to the child and does not claim that she reserved rights of visitation and communication with the child as permitted by Social Services Law § 383-c. Concur—Acosta, J.P., Mazzarelli, Manzanet-Daniels, Webber and Gesmer, JJ.