■ In the Matter of MALACHI B., a Child Alleged to be Neglected. WINDELL B., Appellant; ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent. [65 NYS3d 24]—

Order of fact-finding, Family Court, Bronx County (Michael R. Milsap, J.), entered on or about December 23, 2016, which determined, after a hearing, that respondent father had neglected the subject child, unanimously affirmed, without costs.

Family Court erred in making a finding of neglect based on abandonment (*see* Family Ct Act § 1012 [f] [ii]), because the petition as filed did not allege abandonment and the petition was never properly amended to include that allegation (*see also Matter of Vallery P. [Jondalla P.]*, 106 AD3d 575, 575 [1st Dept 2013]). Sufficient proof, however, was presented to sustain the original petition without considering the new allegations of abandonment (*see Matter of Aiden XX. [Jesse XX.]*, 104 AD3d 1094, 1096 [3d Dept 2013]; *see also Matter of Tia B.*, 257 AD2d 366 [1st Dept 1999]). The father repeatedly indicated a desire to have no contact with the child, failed to visit the child, and failed to plan for the child's care (*see Matter of Kimberly F. [Maria F.]*, 146 AD3d 562, 563 [1st Dept 2017], *lv denied* 29 NY3d 902 [2017]). The father also had no permanent home and failed to provide proof of any verifiable income. The father's abdication of his parental obligations, including his failure to plan for the child's needs, placed the child at imminent risk of harm, which is sufficient grounds for a finding of neglect (*see* Family Ct Act § 1012 [f] [i]; *Kimberly F.*, 146 AD3d at 563).

The father's failure to testify or offer evidence to contest the allegations of neglect permitted the drawing of the strongest inference against him that the opposing evidence in the record permitted (*see Matter of Rachel S.D. [Luis N.]*, 113 AD3d 450 [1st Dept 2014]).

We have considered the father's remaining arguments and find them unavailing. Concur—Acosta, P.J., Tom, Webber, Gesmer and Singh, JJ.