Rumsey, J.
 

 Appeal from an order of the Family Court of Schenectady County (Burke, J.), entered August 8, 2016, which granted petitioner’s application, in a proceeding pursuant to Family Ct Act article 10, to adjudicate the subject child to be neglected.
 

 Respondent is the mother of a child (born in 1999). In August 2016, while living with respondent, the child overdosed on the drug Ambien, for which the child had a prescription, and left the home. Upon becoming dizzy, the child called 911 and was taken to the hospital by ambulance, where it was determined that the overdose had been accidental and that the child should be discharged because she was not a threat to herself or others. Respondent refused to take the child home. During an ensuing investigation by petitioner, respondent again declined to allow the child to return home or to make an alternate plan for the child. The father, who did not live with respondent, was also unwilling to provide a home for the child. Pursuant to respondent’s written consent, the child was removed from respondent’s care and placed in foster care. Petitioner thereafter commenced two neglect proceedings, one against respondent and a second against the father. After a hearing, Family Court found that the child was neglected by respondent and the father. Respondent appeals.
 

 “Neglect is established when the preponderance of the evidence shows that the child’s physical, mental or emotional condition has been impaired or is in imminent danger of becoming impaired as a result of the failure of his or her parent to exercise a minimum degree of care in providing the child with proper supervision or guardianship. Determining whether a parent exercised the requisite minimum degree of care is evaluated by asking whether, under the circumstances, a reasonable and prudent parent would have so acted” (Matter of Clayton OO. [Nikki PP.], 101 AD3d 1411, 1411 [2012] [internal quotation marks, brackets, ellipses and citations omitted]). “A parent can be found to have neglected a child by refusing to take the child into his or her home and by indicating a desire to have no contact with, or responsibility for, the child” (Matter of Safiyah T. [Tommie D.T.], 133 AD3d 678, 679 [2015] [citations omitted]; see Matter of Kimberly F. [Maria F.], 146 AD3d 562, 563 [2017], lv denied 29 NY3d 902 [2017]; Matter of Shawntay S. [Stephanie R.], 114 AD3d 502, 502 [2014]; Matter of Clayton OO. [Nikki PP.], 101 AD3d at 1412; Matter of Lamarcus E. [Jonathan E.], 94 AD3d 1255, 1256-1257 [2012]).
 

 Respondent admits that she was unwilling to allow the child to return to her home and that she consented to placement of the child in foster care. Although the record shows that the child had a history of struggling with mental health issues and that her relationship with respondent was tumultuous, as evidenced by the child’s purported threats to kill either respondent or herself, respondent’s conduct is not excused by the fact that the child may have had disciplinary or behavioral issues (see Matter of Kimberly F. [Maria F.], 146 AD3d at 563, citing Matter of Clayton OO. [Nikki PP.], 101 AD3d at 1412). Accordingly, Family Court properly found that the child was neglected by respondent.
 

 Finally, we are unpersuaded by respondent’s contention that she did not receive the effective assistance of counsel. Her primary argument is that counsel failed to adduce sufficient evidence of the child’s prior mental health history, including testimony from mental health experts, which she contends would have permitted Family Court to appreciate her reason for leaving the child at the hospital. Her argument is unavailing, inasmuch as she did not allege, much less demonstrate, that such proof would have established that it was unsafe for the child to return home (see Matter of Julian P. [Colleen Q.], 129 AD3d 1222, 1224 [2015]). Moreover, although inartful at times, counsel conducted sufficient direct and cross-examinations during the fact-finding hearing and, upon review of the entire record, we find that respondent received meaningful representation and suffered no prejudice as a result of counsel’s performance (see Matter of Julian P. [Colleen Q.], 129 AD3d at 1224-1225).
 

 Egan Jr., J.P., Devine, Clark and Mulvey, JJ., concur.
 

 Ordered that the order is affirmed, without costs.