Matter of Catalina A. (Evelyn C.) (2018 NY Slip Op 00135)





Matter of Catalina A. (Evelyn C.)


2018 NY Slip Op 00135


Decided on January 10, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 10, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
JOHN M. LEVENTHAL
SYLVIA O. HINDS-RADIX
JOSEPH J. MALTESE, JJ.


2017-04442
 (Docket No. N-23177-16)

[*1]In the Matter of Catalina A. (Anonymous). Administration for Children's Services, appellant; Evelyn C. (Anonymous), respondent.


Zachary W. Carter, Corporation Counsel, New York, NY (Fay S. Ng and Janet L. Zaleon of counsel), for appellant.
Center for Family Representation, Jamaica, NY (Sneha Shah and Laura Eraso of counsel), for respondent.
Seymour W. James, Jr., New York, NY (Tamara A. Steckler and Susan Clement of counsel), attorney for the child.



DECISION & ORDER
Appeal from an order of the Family Court, Queens County (Anne-Marie Jolly, J.), dated April 24, 2017. The order granted the mother's motion, made at the conclusion of the petitioner's case, to dismiss the petition alleging that she neglected the subject child.
ORDERED that the order is reversed, on the law, without costs or disbursements, the mother's motion is denied, the petition is reinstated, and the matter is remitted to the Family Court, Queens County, for further proceedings in accordance herewith.
The petitioner commenced this proceeding pursuant to Family Court Act article 10, alleging, inter alia, that the mother neglected the then three-month-old subject child due to a mental illness. At the close of the petitioner's case, the Family Court granted the mother's motion to dismiss the petition for failure to establish a prima facie case. The petitioner appeals.
A finding of neglect may be entered in the absence of actual harm when a preponderance of the evidence proves that the child's "physical, mental or emotional condition . . . is in imminent danger of becoming impaired as a result of the failure of his [or her] parent . . . to exercise a minimum degree of care" (Family Ct Act § 1012[f][i]). "Moreover, a neglect finding is proper upon proof of the causal connection between a parent's mental illness and requisite potential harm to the child" (Matter of Kiemiyah M. [Cassiah M.], 137 AD3d 1279, 1280; see Matter of David L.S. [Caprice L.T.], 155 AD3d 633; Matter of Lanijah J.L. [Omisa C.L.], 146 AD3d 784, 786).
Here, contrary to the Family Court's determination, viewing the evidence in the light most favorable to the petitioner, and affording it the benefit of every inference which could be [*2]reasonably drawn from the evidence (see Matter of Jaivon J. [Patricia D.], 148 AD3d 890, 892; Matter of Marques B. [Eli B.], 133 AD3d 654, 654), the petitioner presented a prima facie case of neglect. At the fact-finding hearing, the petitioner introduced into evidence a recording of two 911 calls made by the mother's stepdaughter, in which she reported, among other things, that the mother, while holding the child, was hitting and slapping the mother's sister. She further stated that the mother was manic, yelling, throwing things, and getting violent. Additionally, the petitioner presented the testimony of the attending psychiatrist in the emergency room at Queens Hospital Center who, based upon his assessment of the mother's mental condition, found that she was unable to care for the child and ordered her admission into a psychiatric emergency program that requires frequent observation for at least 24 hours. The mother's hospital records, which the petitioner also introduced into evidence, demonstrated that the mother's mental condition, which was described as paranoid, violent, and lacking in insight and impulse control, had not resolved within 24 hours and necessitated her admission into the extended observation unit. Moreover, "[t]he absence of a diagnosed condition does not preclude a finding of neglect" (Matter of Danielle M., 151 AD2d 240, 243; see Matter of Caress S., 250 AD2d 490, 490). Therefore, although the petitioner did not show that the mother had a specific diagnosed mental illness, the petitioner was not required to make such a showing to avoid dismissal.
Consequently, the Family Court erred in granting the mother's motion to dismiss the petition. Since the court terminated the proceedings at the close of the petitioner's direct case upon an erroneous finding that a prima facie case had not been established, a new hearing, and a new determination of the petition, is required (see Matter of Jaivon J. [Patricia D.], 148 AD3d at 892; Matter of Marques B. [Eli B.], 133 AD3d at 654).
BALKIN, J.P., LEVENTHAL, HINDS-RADIX and MALTESE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court