Matter of Elijah M. (Robin M.) (2019 NY Slip Op 05471)





Matter of Elijah M. (Robin M.)


2019 NY Slip Op 05471


Decided on July 9, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 9, 2019

Renwick, J.P., Gische, Kapnick, Singh, JJ.


9809A 9809

[*1] In re Elijah M., 
A Child under the Age of Eighteen Years, etc., Robin M., et al., Respondents-Appellants, Administration for Children's Services, Petitioner-Respondent.


Law Office of Stephen N. Preziosi, P.C., New York, (Stephen N. Preziosi of counsel), for appellants.
Zachary W. Carter, Corporation Counsel, New York (Carolyn Walther of counsel), for respondent.
Dawne A. Mitchell, The Legal Aid Society, New York (Marcia Egger of counsel), attorney for the child.



Order of disposition, Family Court, Bronx County (Michael R. Milsap, J.), entered on or about September 13, 2018, to the extent it brings up for review a fact-finding order, same court and Judge, entered on or about June 5, 2018, which found that respondents neglected the subject child, unanimously reversed, on the law, without costs, the finding of neglect vacated, and the matter remanded for further proceedings. Appeal from fact-finding order, unanimously dismissed, without costs, as subsumed in the appeal from the order of disposition.
Petitioner agency brought the instant neglect petition within a week after a physical altercation occurred between the teenage child and respondent father, which resulted in an order of protection being issued against the child in favor of the father. Respondents refused to allow the child to return home, claiming that they were afraid of him, and the child did not want to return to the home. In the days between the matter being reported to the agency and the petition being filed, the agency attempted to schedule a child safety conference with respondents, but respondents retained an attorney who insisted on communicating on their behalf and being present at any meeting. The agency then commenced this proceeding.
Parents are obligated to support a child under the age of 21 (Family Court Act § 413[1][a]) and to exercise a "minimum degree of care" in supplying the child with adequate food, clothing, shelter, and education (id. § 1012[f][i]). In determining whether a parent has neglected a child by failing to meet that standard, the court "must evaluate parental behavior objectively," by asking whether "a reasonable and prudent parent [would] have so acted, or failed to act, under the circumstances then and there existing" (Nicholson v Scoppetta, 3 NY3d 357, 370 [2004]). This Court has concluded in many circumstances that a child's history of disciplinary issues did not justify a parent in excluding the child from the home while failing to cooperate with the agency's efforts to address the child's problems and to return the child to the home (see e.g. Matter of Kimberly F. [Maria F.], 146 AD3d 562, 563 [1st Dept 2017], lv denied 29 NY3d 902 [2017]; Matter of Joelle T. [Laconia W.], 140 AD3d 513 [1st Dept 2016]).
However, none of those cases involved pending criminal proceedings and an order of protection against the child and in favor of one parent. Respondents were entitled to a full and fair opportunity to present evidence (see generally Matter of Colby II [Sheba II.], 145 AD3d 1271, 1273 [3d Dept 2016]; Matter of Tequan R., 43 AD3d 673, 679 [1st Dept 2007]) showing [*2]that they acted reasonably as prudent parents under all the circumstances (see Nicholson v Scoppetta, 3 NY3d at 370), and that, based on a founded fear that it would be unsafe for the child to return home, they were unable to continue to care for him (but see Matter of Jacklynn BB. [Donna CC.], 155 AD3d 1363, 1364 [3d Dept 2017] [unwillingness to allow child to return home is not excused by child's disciplinary or behavioral issues]). Instead, the court limited evidence to the time period alleged in the petition, precluding respondents from presenting other evidence concerning the child's behavior. Respondents also were precluded from presenting evidence of their attorney's communications with the agency, which was offered to show their willingness to meet and plan with the agency provided that the child was not present and their attorney could be present.
Accordingly, the matter is remanded for further proceedings consistent herewith.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JULY 9, 2019
CLERK