Matter of Alyssa S. (Shakira M. S.) (2020 NY Slip Op 00242)





Matter of Alyssa S. (Shakira M. S.)


2020 NY Slip Op 00242


Decided on January 14, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 14, 2020

Renwick, J.P., Kapnick, Mazzarelli, Webber, JJ.


10774

[*1] In re Alyssa S., A Child Under Eighteen Years of Age, etc., Shakira M. S., Respondent-Appellant, Administration for Children's Services, Petitioner-Respondent.


Richard L. Herzfeld, P.C., New York (Richard L. Herzfeld of counsel), for appellant.
James E. Johnson, Corporation Counsel, New York (Jonathan A. Popolow of counsel), for respondent.



Order of fact-finding and disposition, Family Court, New York County (Jane Pearl, J.), entered on or about January 11, 2019, insofar as it determined, after a hearing, that respondent mother neglected the subject child, unanimously affirmed, without costs.
A preponderance of the evidence supports the court's finding that respondent medically neglected the child (see Family Court Act §§ 1012[f][i][A]; 1046[b][i]). Respondent does not dispute that the child was prescribed medication after she was discharged from the hospital in March 2017 and that between April 2017 and April 2018, while in respondent's care, the child did not take the prescribed medication.
Respondent contends that the child stopped taking one of the medications because of the side effects and that she was told that she need not take the other anymore. However, the child's medical records do not show that respondent spoke to anyone before the child stopped taking the medication; rather, they reflect that the child's emergency room doctors said it was unclear why she was not taking the medication. Respondent's failure to ensure that the child took her prescribed medication on a consistent basis placed the child at imminent risk of impairment (Matter of Joelle T. [Laconia W.], 140 AD3d 513, 514 [1st Dept 2016]).
Contrary to respondent's contention, petitioner was not required to submit expert testimony to establish a prima facie case of medical neglect (see Nicholson v Scoppetta, 3 NY3d 357, 383 [2004]). In addition, the court's evaluation of the evidence and the credibility of the witnesses is supported by the record (see Matter of Brianna R. [Maribel R.], 115 AD3d 403, 407-408 [1st Dept 2014]).
Respondent's claim that the court deprived her of the effective assistance of counsel is unpreserved and in any event unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JANUARY 14, 2020
CLERK