Matter of Sean D. J. (Dilsia J.) (2020 NY Slip Op 04309)





Matter of Sean D. J. (Dilsia J.)


2020 NY Slip Op 04309


Decided on July 29, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 29, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
LEONARD B. AUSTIN
ANGELA G. IANNACCI
PAUL WOOTEN, JJ.


2019-06319
 (Index No. N-13859-17)

[*1]In the Matter of Sean D. J. (Anonymous). Suffolk County Department of Social Services, respondent; Dilsia J. (Anonymous), appellant.


The Cassar Law Firm, P.C., Huntington, NY (Pierre Bazile of counsel), for appellant.
Dennis M. Cohen, County Attorney, Central Islip, NY (Steven Nacht of counsel), for respondent.
Susan Selanikio Linder, West Islip, NY, attorney for the child.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 10, the mother appeals from an order of fact-finding and disposition of the Supreme Court, Suffolk County (Chris Ann Kelley, J.), dated May 23, 2019. The order of fact-finding and disposition, insofar as appealed from, upon an order of the same court dated April 22, 2019, made after fact-finding and dispositional hearings, found that the mother neglected the subject child.
ORDERED that on the Court's own motion, the notice of appeal from the order dated April 22, 2019, is deemed to be a premature notice of appeal from the order of fact-finding and disposition (see CPLR 5520[c]); and it is further,
ORDERED that the order of fact-finding and disposition is affirmed insofar as appealed from, without costs or disbursements.
The determination that the mother neglected the subject 16-year-old child, which was based on the mother changing the locks to the home to prevent the child from coming home and on the mother's failure to plan for the child, was supported by a preponderance of the evidence presented at the fact-finding hearing (see Family Ct Act § 1012[f][i][B]; Matter of Jacklynn BB. [Donna CC.], 155 AD3d 1363; Matter of Safiyah T. [Tommie D.T.], 133 AD3d 678; Matter of Amondie T. [Karen S.], 107 AD3d 498; Matter of Debraun M., 34 AD3d 587).
The mother's remaining contentions are without merit.
SCHEINKMAN, P.J., AUSTIN, IANNACCI and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court