Matter of Jada J. (Reginald J.) (2022 NY Slip Op 06430)

Matter of Jada J. (Reginald J.)

2022 NY Slip Op 06430

Decided on November 15, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: November 15, 2022

Before: Manzanet-Daniels, J.P., Webber, Mazzarelli, Friedman, Shulman, JJ. 

Docket No. N9024/20 Appeal No. 16652 Case No. 2022-00674 

[*1]In the Matter of Jada J., a Child Under Eighteen Years of Age, etc., Reginald J., Respondent-Appellant, Administration for Children's Services, Petitioner-Respondent.

Law Office of Thomas R. Villecco, P.C., Jericho (Thomas R. Villecco of counsel), for appellant.
Sylvia O. Hinds-Radix, Corporation Counsel, New York (Amanda Abata of counsel), for respondent.
Dawne A. Mitchell, The Legal Aid Society, New York (Susan Clement of counsel), attorney for the child.

Order of fact-finding and disposition (one paper) of the Family Court, Bronx County (Karen M.C. Cortes, J.), entered on or about December 21, 2021 upon respondent father's default, which, to the extent it brings up for review the denial of his motion to dismiss the petition for failure to establish a prima facie case of neglect, unanimously affirmed, without costs.
Although the judgment was entered upon the father's default, the appeal brings up for review an issue that was decided by the Family Court and that was the "subject of contest below" before the father's default — namely, the denial of the father's motion to dismiss the petition for failure to establish a prima facie case of neglect, made August 4, 2021, at the close of petitioner's case (James v Powell, 19 NY2d 249, 256 n 3 [1967]; see Matter of Constance P. v Avraam G., 27 AD3d 754, 755 [2d Dept 2006]).
On the merits, viewed in the light most favorable to petitioner agency and making all reasonable inferences in the agency's favor (see Matter of Angel L. [Victor M.], 182 AD3d 429, 429 [1st Dept 2020]), the preponderance of the evidence supports Family Court's finding of neglect, as the father failed to provide a minimum degree of care while the child was in his custody and when the child was out of the home, thus placing her in danger of imminent harm (Family Court Act § 1012[f][i]; see Nicholson v Scoppetta, 3 NY3d 357, 368-369 [2004]). Petitioner first established that for a two-year period before mid-May 2020, while the child was living with the father, she slept on an air mattress in an unfurnished room, while the father's room was furnished. There was little food in the apartment, and even though the father told the child to buy some food, he refused to give the child money to do so, thus abdicating his parental responsibilities to provide food or proper shelter for the child (see Matter of Joelle T. [Laconia W.], 140 AD3d 513, 513 [1st Dept 2016]).
Furthermore, in mid-May 2020, while the child was staying with a friend, the father changed the locks in the apartment and did not give the child a set of keys, and during that time, failed to ensure that the child had adequate food, clothing, or shelter (see Matter of Debraun M., 34 AD3d 587, 588 [2d Dept 2006]; Matter of Elijah J. [Yvonda M.], 105 AD3d 449, 450 [1st Dept 2013]). Later, and initially unbeknownst to the father, the child relocated to her paternal aunt's house, at which time the father eventually contributed only $400 toward her care (see e.g. Matter of Charisma D. [Sandra R.], 115 AD3d 441, 442 [1st Dept 2014]). The father later rejected the child's attempts to reconcile and return home. Nor did he present any plan for the child's care, instead rejecting ACS's attempts to engage him in formulating a viable plan (see Matter of Kimberly F. [Maria F.],146 AD3d 562 [1st Dept 2017], lv denied 29 NY3d 902 [2017]).
Contrary to the father's argument, his own statements made to the caseworkers corroborated the child's [*2]out-of-court statements (see Matter of Maxwell P. [Katherine S.], 196 AD3d 416, 416-417 [1st Dept 2021]). Additionally, the child's consistent statements to caseworkers regarding her living situation with the father and the circumstances surrounding her stay with the paternal aunt bolstered their credibility (see Matter of David R. [Carmen R.], 123 AD3d 483, 484 [1st Dept 2014]).
We have considered the father's remaining arguments and find them unavailing.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 15, 2022