Matter of Mirah J.P. (Marquis P.) (2023 NY Slip Op 00552)

Matter of Mirah J.P. (Marquis P.)

2023 NY Slip Op 00552

Decided on February 3, 2023

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 3, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., LINDLEY, CURRAN, BANNISTER, AND MONTOUR, JJ.

836 CAF 20-01554

[*1]IN THE MATTER OF MIRAH (ALSO KNOWN AS MIREYA) J.P. AND MONICA J.P. MONROE COUNTY DEPARTMENT OF HUMAN SERVICES, PETITIONER-RESPONDENT;
MARQUIS P., RESPONDENT-APPELLANT, AND STEPHANIE J., RESPONDENT.

MARK D. FUNK, CONFLICT DEFENDER, ROCHESTER (CAROLYN WALTHER OF COUNSEL), FOR RESPONDENT-APPELLANT.
JOHN P. BRINGEWATT, COUNTY ATTORNEY, ROCHESTER (AMANDA L. OREN OF COUNSEL), FOR PETITIONER-RESPONDENT.
MAUREEN N. POLEN, ROCHESTER, ATTORNEY FOR THE CHILDREN.

 Appeal from an order of the Family Court, Monroe County (Stacey Romeo, J.), entered February 22, 2021 in a proceeding pursuant to Family Court Act article 10. The order, among other things, adjudged that respondents had neglected the subject children. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: In this proceeding pursuant to Family Court Act article 10, respondent father appeals from an order that, inter alia, adjudged that he neglected the subject children. We affirm. Contrary to the father's contention, petitioner established that he neglected the children inasmuch as petitioner showed by a preponderance of the evidence that each child's "physical, mental or emotional condition has been impaired or is in imminent danger of becoming impaired and
. . . that the actual or threatened harm to the child[ren] is a consequence of the failure of the [father] to exercise a minimum degree of care in providing the child[ren] with proper supervision or guardianship" (Nicholson v Scoppetta, 3 NY3d 357, 368 [2004]; see Family Ct Act § 1046 [b] [i]). Here, the hearing record demonstrates that the father failed to follow through with petitioner to address his mental health and chemical dependency issues, did not maintain suitable housing for the children, failed to regularly visit with the children, and abdicated his parental responsibilities while the children were living in foster care (see Matter of Destiny B. [Anthony R.], 203 AD3d 1042, 1043 [2d Dept 2022]; Matter of Malachi B. [Windell B.], 155 AD3d 492, 492 [1st Dept 2017]; see also Matter of Evan T. [Shaquela T.], 155 AD3d 964, 966 [2d Dept 2017]).
The father failed to preserve for our review his further contention that Family Court erred in granting petitioner's motion to conform the pleadings to the proof (see Matter of Serenity G. [Orena G.], 101 AD3d 1639, 1639 [4th Dept 2012]; see generally Family Ct Act § 1051 [b]).
We reject the father's contention that he received ineffective assistance of counsel at the fact-finding hearing. The father failed to "demonstrate the absence of strategic or other legitimate explanations[] for counsel's alleged shortcoming[s]" (Matter of Faith K. [Jamie K.], 203 AD3d 1568, 1569 [4th Dept 2022] [internal quotation marks omitted]) and, viewing the record in totality, we conclude that the father received meaningful representation (see Matter of [*2]Carter H. [Seth H.], 191 AD3d 1359, 1360 [4th Dept 2021]). Finally, we have reviewed the father's remaining contentions and conclude that none warrants reversal or modification of the order.
Entered: February 3, 2023
Ann Dillon Flynn
Clerk of the Court