Matter of Xandriea M. (Jamal M.) (2023 NY Slip Op 01612)

Matter of Xandriea M. (Jamal M.)

2023 NY Slip Op 01612

Decided on March 24, 2023

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 24, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., PERADOTTO, LINDLEY, BANNISTER, AND OGDEN, JJ.

161 CAF 21-00467

[*1]IN THE MATTER OF XANDRIEA M. ERIE COUNTY DEPARTMENT OF SOCIAL SERVICES, PETITIONER-RESPONDENT; JAMAL M., RESPONDENT-APPELLANT.

DAVID J. PAJAK, ALDEN, FOR RESPONDENT-APPELLANT.
REBECCA HOFFMAN, BUFFALO, FOR PETITIONER-RESPONDENT.
DAVID C. SCHOPP, THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (NATHALIE T. MARIN OF COUNSEL), ATTORNEY FOR THE CHILD. 

 Appeal from an order of the Family Court, Erie County (Sharon M. LoVallo, J.), entered March 25, 2021 in a proceeding pursuant to Family Court Act article 10. The order, inter alia, adjudged that respondent had neglected the subject child. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: In this proceeding pursuant to Family Court Act article 10, respondent father appeals from an order of fact-finding and disposition that, inter alia, adjudged that the father neglected the subject child. We affirm.
Contrary to the father's contention, petitioner established that he neglected the child inasmuch as petitioner showed by a preponderance of the evidence that the child's "physical, mental or emotional condition has been impaired or is in imminent danger of becoming impaired and . . . that the actual or threatened harm to the child is a consequence of the failure of the [father] to exercise a minimum degree of care in providing the child with proper supervision or guardianship" (Nicholson v Scoppetta, 3 NY3d 357, 368 [2004]; see Family Ct Act § 1046 [b] [i]). Here, the evidence at the hearing established that the father refused to allow the child to return home after he learned that she was lying to him and instead informed the child and the caseworker for Child Protective Services that the child should go to a shelter. The evidence also established that the father was not willing to cooperate with the caseworker in arranging for the child's appropriate care or eventual return home, thereby placing the child in imminent risk of harm (see Matter of Ashley B. [Lavern B.], 137 AD3d 1696, 1697 [4th Dept 2016]; Matter of Chantel ZZ., 279 AD2d 669, 672 [3d Dept 2001]). Thus, we conclude that there is a sound and substantial basis in the record supporting Family Court's determination that the father neglected the child (see generally Matter of Gina R. [Christina R.], 211 AD3d 1483, 1484 [4th Dept 2022]).
Entered: March 24, 2023
Ann Dillon Flynn
Clerk of the Court